## GALBES v. GIRARD et al.

### (Circuit Court, S. D. California. June 1, 1891.)

1. EQUITY—LACHES—EVIDENCE.

Where a bill in equity showed that the acts complained of occurred from 12 to 16 years before it was filed, and not only that they were matters of record, and open to inspection, but that complainant and his mother, to whose interest he succeeded on her death in 1885, had, as early as 1876, commenced proceedings in the state courts to secure the rights now asserted, and that the last of the suits so brought was dismissed by the court on the stipulation of counsel in 1879, but that "until a long time" afterwards complainant did not know of such dismissal, he will be charged with a knowledge of the act of his counsel, and the bill dismissed for laches.

2. CONSTITUTIONAL LAW—SUITS AGAINST THE STATE.

Const. Cal. art. 20, § 6, provides that "suits may be brought against the state in such manner and in such courts as shall be directed by law;" but, where no law has been passed by the state authorizing such suits, a motion to dismiss as to the state in a suit in which the state is made a party defendant, must be sustained.

In Equity. On motion to dismiss, and demurrer to the bill.

"Bill by Manuel Jesus Galbes, a citizen of Chili, against James N. Girard and others. The bill alleged that Juan Galbes died in California in 1874, owning real and personal property in the state, and leaving surviving him Lorena Gamboa Galbes, his wife, and a son, plaintiff in this action. The bill then alleged that, in pursuance of a conspiracy, letters of administration were in 1874 fraudulently granted to one Howe, without notice to the widow or plaintiff. In 1876 the estate was closed up, and distribution made to Dolores Diaz Menesses and Juana Diaz Menesses. By sundry mesne conveyances from the Menesses, defendant Girard, in 1881, acquired title to the property for an inadequate consideration, and with knowledge of the facts. The bill also alleged that in 1876 the present plaintiff and the widow, who were both unable to speak English, instituted an action in the probate court for San Luis Obispo county, claiming the property, but their petition was dismissed

in 1878. Afterwards, also in 1878, the present plaintiff and the widow instituted an action in the superior court for San Luis Obispo county, alleging their relationship to deceased, and claiming the property. This action was dismissed in 1879, without knowledge of the widow or plaintiff, who supposed the action to be pending until a long time thereafter. In 1883 the state of California brought an action, claiming that the property had escheated to it, and the state was also joined as a party defendant. Defendant Girard demurred to the bill, and the state moved to dismiss as to it."

*Noble Hamilton,* for complainant. *Stephen M. White,* for defendants.

Ross, J. To the bill in this case the state of California as well as certain individuals are made defendants. So far as the state is concerned, its exceptions to the jurisdiction and motion to dismiss the bill must be sustained, upon the ground that there is no law authorizing such suit to be brought against it. *Hans* v. *Louisiana,* 134 U. S. 1, 10 Sup. Ct. Rep. 504. It is provided by the constitution of California that "suits may be brought against the state in such manner and in such courts as shall be directed by law." Section 6, art. 20. But the legislature of the state has not enacted any law authorizing the bringing against the state of such a suit as the present. Until it does so, the suit, so far as the state is concerned, cannot be maintained. *Beers* v. *State,* 20 How. 527.

The demurrer of the individual defendants raises several objections to the bill, but one of which it is necessary to consider. In my opinion, the bill shows on its face such laches that a court of equity should withhold the aid invoked. To call such a court into activity there must not only be conscience and good faith on the part of complainant, but reasonable diligence as well. *Speidel* v. *Henrici,* 120 U. S. 377, 7 Sup. Ct. Rep. 610, and cases there cited. In the present case the acts which form the basis of complainant's bill occurred from 12 to 16 years before the bill was filed. They were not only matters of record, and open to public inspection, but the bill shows on its face that complainant and his mother, to whose interest in the property in question he is alleged to have succeeded by her death in 1885, as early as 1876 commenced proceedings in the courts of the state to secure the same rights now asserted by complainant. The last suit so brought was dismissed by the court February 3, 1879, on the stipulation of counsel for the respective parties. In the present bill it is alleged that complainant did not know of such dismissal "until a long time" afterwards. But the act of his counsel in that particular was his act, of which he must be held to have had knowledge. A period more than double that allowed by statute in California for the recovery of real property was thereafter allowed to elapse before the institution of the present suit. I think the cause of suit stale, and that it should therefore be held barred by lapse of time. It is therefore unnecessary to decide whether a court of equity should refuse relief upon the ground that the bill shows that complainant's remedy is at law, or as to the sufficiency of the bill in other particulars.

The exceptions and motion filed by the state of California and the demurrer of the individual defendants are sustained, and the bill dismissed, at complainant's cost.