565 F.2d 291
 GENERAL ELECTRIC CREDIT CORPORATION, Appellant,
v.
William F. SMITH and United States Postal Service, Appellees.
UNITED VIRGINIA BANK/NATIONAL, Appellee,
v.
UNITED STATES POSTAL SERVICE, Appellant,
and
Howard E. Eaves, Defendant.
 Nos. 77-1037, 77-1240.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 5, 1977.
Decided Nov. 23, 1977.
 
 David G. Fiske, Crofton, Md. (Thomas & Sewell, Alexandria, Va., on brief), for appellant in 77-1037.
 Harry R. Silver, Atty., Dept. of Justice, Civ. Div., Appellate Section, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., William B. Cummings, U. S. Atty., Alexandria, Va., Leonard Schaitman, Atty., Dept. of Justice, Civil Div., Appellate Section, Washington D. C., on brief), for appellee in 77-1037 and for appellant in 77-1240.
 Richard E. Henning, Jr. (Rust, Rust & Pratt, Fairfax, Va., Harold L. Wagman, Skokie, Ill., on brief), for appellee in 77-1240.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Both of these appeals present the same, exact issue: Is the United States Postal Service immune from garnishment procedures? We find the answer obvious in the statute creating the Postal Service.[1] Congress expressly provided in the Service's authorizing statute that the Service could "sue and be sued." There was no qualification upon the Service's amenability to process stated in the statute, as is the case in connection with the provision to "sue and be sued" in statutes creating other governmental agencies such as § 1132c-2(b)(2), 20 U.S.C. (Commissioner of Education), and § 634(b)(1), 15 U.S.C. (Small Business Administration). Under those circumstances, the phrase "sue and be sued" we have heretofore ruled in White v. Bloomberg (4th Cir. 1974) 501 F.2d 1379, 1386, is to be given its normal connotation and construction as a waiver of constitutional immunity, embracing all civil legal procedures. Under this construction, garnishment procedures would clearly be covered within the "sue and be sued" waiver provision, and that has been the uniform conclusion of the Circuit Courts which have been faced with the issue. May Dept. Stores Co. v. Williamson (8th Cir. 1977) 549 F.2d 1147; Standard Oil Div., American Oil Co. v. Starks (7th Cir. 1975) 528 F.2d 201.
 
 
 2
 Accordingly, we reverse the decision of the district court in No. 77-1037, in which a right of garnishment against the Service was denied, and we affirm the decision of the district court in No. 77-1240, in which the right was upheld.
 
 
 
 [1]
 39 U.S.C. § 401(1)