**ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC., Plaintiff-Appellant,**

v.

**Anthony ROBINSON and Lillie M. Robinson, Defendants,**

**United States Postal Service, Garnishee-Defendant Appellee.**

No. 78–1512.

United States Court of Appeals, Fifth Circuit.

Sept. 25, 1978.

Edwin A. Smith, Jr., Baton Rouge, La., for plaintiff-appellant.

Donald L. Beckner, U.S. Atty., Darrell D. White, Asst. U.S. Atty., Baton Rouge, La.,

Leonard Schaitman, Richard A. Olderman, Dept. of Justice, Washington, D.C., for defendants.

Before RONEY, GEE and FAY, Circuit Judges.

BY THE COURT.

This is a commercial garnishment case which raises the issue of whether the United States Postal Service (USPS), as the statutory successor to the Post Office Department,[1] retained the Post Office Department's sovereign immunity from state garnishment proceedings.

The garnishment proceedings in the instant case were begun in the District Court of the State of Louisiana against the USPS. The case was removed to the United States District Court, Middle District of Louisiana, pursuant to 28 U.S.C. § 1442(a) (1970) and 39 U.S.C. § 409(a) (1970). The District Court granted Defendant's motion to quash the writs of garnishment directed against the USPS and the Plaintiff appealed. Subsequently, the Defendant filed a motion to vacate the District Court's judgment.

In view of the Defendant's motion, we join the other Circuits[2] and hold that the words "sue and be sued" in the Postal Service Reorganization Act, 39 U.S.C. § 401 (1970), constitute a waiver of immunity and permit garnishment proceedings against the USPS.

IT IS ORDERED that Defendant's motion to vacate the District Court's judgment is granted.

---

1. Postal Reorganization Act, § 4(a) 39 U.S.C. § 201 note (1970).

2. See Beneficial Finance Co. of New York, Inc. v. Dallas, 571 F.2d 125 (2nd Cir. 1978); General Electric Credit Corporation v. Smith, 565 F.2d 291 (4th Cir. 1977); Goodman's Furniture Company v. United States Postal Service, 561 F.2d 462 (3rd Cir. 1977); May Department Stores Co. v. Williamson, 549 F.2d 1147 (8th Cir. 1977); Standard Oil v. Starks, 528 F.2d 201 (7th Cir. 1975).