Richard D. SNAPP, Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE–
TEXARKANA MANAGEMENT SEC-
TIONAL CENTER, William M. Cap-
shaw, Manager, Postmaster, Defendant-
Appellee.

No. 81–2107
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1982.

David L. James, Texarkana, Tex., for plaintiff-appellant.

William J. Cornelius, Jr., Asst. U. S. Atty., Chief Civ. Section, Tyler, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Richard Snapp sued to enjoin the United States Postal Service from complying with a writ of garnishment issued by a Tennessee court. The district court dismissed the case for lack of federal subject matter jurisdiction, and Snapp appealed. We affirm.

**I.**

In 1978 Snapp was sued for divorce in the Circuit Court of Shelby County, Tennessee. Though a resident of Tennessee when the divorce action began, soon thereafter Snapp sought and received a job transfer within the postal service to Texarkana, Texas. Shortly after the move, the Tennessee court ordered Snapp to pay $400.00 per month for alimony.[1] Snapp fell behind on his payments and his wife secured a garnishment writ on his wages in the amount of $2050.06. The garnishment writ was served on Jim Bouch, an employee of the Memphis, Tennessee Post Office where Snapp had

previously worked. Bouch then forwarded the garnishment writ to the postmaster for the Texarkana unit of the Postal Service. To comply with the writ, the Texarkana Postmaster arranged to divert a portion of Snapp's wages into a trust account.

Snapp then sued the postmaster for Texarkana in the District Court for the Eastern District of Texas to enjoin him from withholding his wages under the writ. After the suit was filed, the Tennessee court ordered the Postal Service to pay the wages that had thus far been withheld into the court registry; the Postal Service did so. To forestall further payment of the under-garnishment funds, Snapp successfully moved in federal district court for a temporary restraining order preventing the Texarkana Postmaster from disbursing any more of Snapp's withheld wages to the Tennessee court.[2] After a flurry of motions, the district court dismissed the action for want of subject matter jurisdiction. This appeal followed.[3]

**II.**

Snapp brought this suit seeking a ruling that because he is a Texas resident, his wages are immune from garnishment under the Texas Constitution, art. 16, § 28.[4] The district court did not pass on this claim, holding that no federal jurisdiction existed to hear the case. Snapp offers three jurisdictional bases on appeal, but we agree with the district court that this case does not belong in federal court.

First, Snapp relies on 28 U.S.C.A. § 1337, which provides for federal court jurisdiction

---

1. *Snapp v. Snapp*, No. 64162 (Tenn.Cir.Ct. July 11, 1979) (unreported).

2. The withheld funds that were not paid to the Tennessee court remained in a trust account during this litigation. After dismissing this action for want of jurisdiction, the district court denied a motion for a temporary injunction against the disbursement of the trust account to the Tennessee court pending this appeal.

3. At one point, the district court granted the Postal Service's motion to be realigned as a plaintiff and to file an interpleader action against Snapp and his wife. Record on Appeal

46. No interpleader complaint was filed, however, and the Postal Service has appeared as appellee in this court.

4. Art. 16, § 28 provides: "No current wages for personal service shall ever be subject to garnishment."

On appeal Snapp has modified his stance, arguing that the federal courts must be available to resolve a three-way conflict of laws between Texas, Tennessee, and federal law. This new way of framing the case does not alter our analysis.

over suits arising under acts of Congress that regulate commerce.[5] Recognizing that section 1337 only confers jurisdiction if the claim arises under a statute regulating commerce, Snapp points to Title III of the Consumer Credit Protection Act, 15 U.S.C.A. § 1671 *et seq.* Title III, which restricts the percentage of an employee's wages subject to garnishment, plainly regulates commerce. *See* 15 U.S.C.A. § 1671(b) ("The Congress determines that the provisions of this subchapter are necessary and proper ... to regulate commerce ...."); *Hodgson v. Hamilton Municipal Court*, 349 F.Supp. 1125, 1130 (S.D.Ohio 1972). But Snapp's claim that Title III applies to this case is completely without merit.

■ Congress specifically exempted from the restrictions of Title III "any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review." 15 U.S.C.A. § 1673(b)(1)(A) (Supp.1981). Snapp's wages were withheld under a court order requiring him to pay alimony; he makes no claim that the Tennessee courts are inadequate within the meaning of § 1673(b)(1)(A).[6] The exemption thus removes Snapp's gar-

nishment from the coverage of Title III.[7] *Usery v. First National Bank of Arizona*, 586 F.2d 107, 109 n.1 (8th Cir. 1978) (dicta); *Pellerin v. Pellerin*, 259 Ark. 546, 534 S.W.2d 767 (1976). This case, therefore, belongs to the narrow category of actions that fall outside of federal jurisdiction because "the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous."[8] *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1058 (5th Cir. 1981); *Miller v. Stanmore*, 636 F.2d 986, 989 (5th Cir. 1981).

■ Second, Snapp relies on 28 U.S.C.A. § 1346(a)(2), which gives the district courts jurisdiction over an action against the United States for less than $10,000, when the action is based on federal constitutional, statutory, or regulatory law, or on a contract with the United States.[9] Snapp again suggests that 15 U.S.C.A. § 1671 *et seq.* grants him a cause of action, but as we have concluded above, this statute does not bear on Snapp's case. Snapp also would have us find a cause of action for him under a federal regulation establishing uniform procedures for the garnishment of federal

5. Section 1337 provides in part: "(a) the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting any commerce against restraints and monopolies...."

6. Courts issuing garnishment orders must comply with federal restrictions, 15 U.S.C.A. § 1673(c) (Supp.1981), but Snapp must challenge an order for noncompliance, if at all, in Tennessee court, not collaterally in federal court.

7. There is also considerable doubt that a private individual has an implied right of action under Title III. *See Smith v. Cotton Bros. Baking Co.*, 609 F.2d 738 (5th Cir. 1980) (holding that § 1674(a) of Title III, which prevents an employer from firing an employee whose wages are subjected to garnishment, does not create an implied right of action), *cert. denied*, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980).

8. Even if we consider the rejection of Snapp's claim to be on the merits, rather than jurisdictional, *see Bell v. Hood*, 327 U.S. at 683, 66 S.Ct. at 776, the entire action was properly dismissed. The district court clearly had discretion to dismiss Snapp's pendent claim that Texas law bars the garnishment of his wages once the federal claim had dropped out of the case. *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Jackson v. Stinchcomb*, 635 F.2d 462, 470–71 (5th Cir. 1981).

9. Section 1346(a)(2) provides in part:
(a) The district courts shall have original jurisdiction, concurrent with the court of claims, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the constitution, or any act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.

**1332**

employees' wages. 5 C.F.R. § 581 (1981). This regulation simply implements 42 U.S. C.A. § 659, which lifts the United States' sovereign immunity in actions to garnishee wages for child support or alimony. *Overman v. United States*, 563 F.2d 1287 (8th Cir. 1977).[10] Snapp concedes, as he must, that a waiver of immunity alone does not create a cause of action. *See National Mutual Ins. Co. v. Tidewater Transfer Co.*, 337 U.S. 582, 594 n.22, 69 S.Ct. 1173, 1178 n.22, 93 L.Ed. 1556 (1949) (Jackson, J. announcing the judgment of the Court). That the waiver of immunity has been implemented by a regulation cannot improve his case.

■ Snapp has argued for the first time on appeal that the Postal Service's garnishment of his wages deprives him of property without due process in violation of the Fifth Amendment because he never received notice of the institution of garnishment proceedings from the Tennessee court. Snapp argues that this is a constitutional claim against the United States that falls within the scope of § 1346(a)(2). Because Snapp failed to present this theory to the court below, we do not consider it here. *United States v. $22,640.00 in United States Currency*, 615 F.2d 356, 359 (5th Cir. 1980); *Capps v. Humble Oil & Refining Co.*, 536 F.2d 80, 82 (5th Cir. 1976).

■ Finally, Snapp argues that 28 U.S. C.A. § 1339 gives the lower court jurisdiction over this action. Section 1339 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the Postal Service." Again, section 1339 grants jurisdiction only when a separate statute relating to the postal service affords a cause of action. *O'Connor v. Yezukevicz*, 589 F.2d 16, 18 (1st Cir. 1978). Snapp here points to 42 U.S.C.A. § 659 and 15 U.S.C.A. § 1671 *et seq.*, both of which are general statutes that fail the test of relating to the postal service. Thus, we cannot sustain jurisdiction under section 1339.

We therefore conclude that the district court properly dismissed this action for want of subject matter jurisdiction.

AFFIRMED.

---

10. The *Overman* court held that notwithstanding section 659, federal government disbursing officers are immune from actions to enjoin the garnishment of wages to pay alimony. 563 F.2d at 1292. Because we hold that Snapp's action is outside of federal jurisdiction, we do not reach the issue of immunity.