**EMPLOYMENT DEVELOPMENT DEPARTMENT, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant-Appellee.**

**FRANCHISE TAX BOARD, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant-Appellee.**

**Nos. 80–5694, 80–5700.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1981.

Decided Feb. 10, 1983.

---

Jeffrey M. Vesely, Los Angeles, Cal., for Employment Development Dept. and Franchise Tax Bd.

David Epstein, Dept. of Justice, Washington, D.C., for U.S. Postal Service.

Before SCHROEDER and REINHARDT, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

At issue is whether California state agencies may use California summary tax collection procedures to reach funds in the hands of the United States Postal Service. The district court consolidated these two cases involving similar facts and legal questions but different statutes, and granted summary judgment for the Postal Service. In both cases, California state taxing authorities sought to utilize administrative collection procedures resembling garnishment in order to collect sums owed by the Postal Service to delinquent taxpayers.

Plaintiff in the first case is the Employment Development Department, seeking to recover unemployment insurance taxes owed to the state by contractors who have done work for the Postal Service. Plaintiff in the second case is the Franchise Tax Board, seeking to collect personal income taxes owed by Postal Service employees. Because the applicable statutes and resulting analysis differ, we discuss each case separately.

### I. *The Employment Development Department*

In February 1978, the Employment Development Department (the Department) issued two "notices of levy" pursuant to § 1755[1] of the California Unemployment Insurance Code, notifying the Postal Service that two of its mail transportation contractors were delinquent in paying taxes to the Department. The notices purported to constitute a levy on monies owed to those tax debtors by the Postal Service. The Postal Service refused to comply, stating that it was not authorized to make the payment requested. In October 1978, the Department filed this action seeking judgment in the amount of the tax delinquencies, and court costs.

The district court granted summary judgment for the Postal Service, holding Cal. Unemp.Ins.Code § 1755 inapplicable to the Postal Service because that statute does not expressly include within its reach the United States and its agencies or instrumentalities. In the alternative, the district court found the Department's claim barred by 39 U.S.C. § 5006, on the theory that that section is the exclusive statutory authority for reaching funds in the hands of the Postal Service owed to its contractors, and that the Department is not one of those authorized to proceed under that section.

We consider first whether Cal.Unemp.Ins. Code § 1755 authorizes the Department to proceed by administrative levy against the Postal Service. If it does, we must also consider whether such levies are nevertheless prohibited by applicable federal law.

The Postal Service contends that state law does not authorize use of the levy procedures against an agency of the United States because such agencies are not expressly made subject to levy by the statute.

---

* Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

1. Cal.Unemp.Ins.Code § 1755 provides:

   If any person or employing unit is delinquent in the payment of any contributions, penalties or interest provided for in this division, the director may ... collect the delinquency or enforce any liens by levy served either personally or by certified mail, to all persons having in their possession or under their control any credits ... belonging to the delinquent person or employing unit, or owing any debts to such person or employing unit at the time of the receipt of the notice of levy. Any person upon whom a levy has been served having in his possession or under his control any credits ... belonging to the delinquent person or employing unit or owing any debts to such person or employing unit at the time of the receipt of the levy, shall surrender such credits ... to the director or pay to the director the amount of any debt owing the delinquent employer within five days of service of the levy. Any such person in possession of any credits ... or owing any debts to the delinquent person or employing unit who surrenders such credits ... or pays such debts owing the delinquent person or employing unit shall be discharged from any obligation or liability to the delinquent person or employing unit with respect to the credits ... surrendered or debts paid to the director....

The Postal Service does not contend that it is immune from all suits, for § 401(1) of the Postal Reorganization Act [2] clearly and unambiguously waives sovereign immunity by providing that the Service "may sue and be sued." *See generally FHA v. Burr,* 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). Rather, the Service argues that the state statute is by its own terms inapplicable.

The statute provides that the Director may serve the notices of levy on "all persons" having under their control any assets of the tax debtor. Section 1757 states that "any person" failing to turn over such credits shall be liable to the Department in the amount owed to the tax debtor, but not exceeding the amount specified in the notice of levy.

While these two sections appear to be quite broad in scope, the current problem arises from the fact that section 1758 states only that "[a]s used in this article 'person' includes this State and any county, city and county, municipality, district or other political subdivision thereof." The Service argues that, in referring to state and local governmental entities but omitting any reference to their federal counterparts, the state legislature exempted federal agencies from the statute.[3]

■ A specific reference to state governmental entities is necessary if the legislature intends to waive the immunity to which those entities would otherwise be entitled under state law. Cal. Const. art. 20, § 6; *Rose v. State,* 19 Cal.2d 713, 123 P.2d 505, 512 (1942); *Galbes v. Girard,* 46 F. 500, 501 (C.C.S.D.Cal.1891). *Cf. Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Ass'n,* 450 U.S. 147,

149–50, 101 S.Ct. 1032, 1033–1034, 67 L.Ed.2d 132 (1981) (per curiam) (waiver of state's eleventh amendment immunity found only by express language or such overwhelming implication from text that no other construction reasonable); *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–1361, 39 L.Ed.2d 662 (1974) (same). But reference to federal entities in a state statute would serve no similar purpose since an act of Congress, not of a state legislature, is necessary to effect a waiver of federal immunity. *Army & Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–954, 47 L.Ed.2d 114 (1976); *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–1503, 23 L.Ed.2d 52 (1969).

■ The Service argues that the term "person" when used in a state statute can never, as a matter of statutory interpretation, include federal entities, but it offers no persuasive authority for such a rule. It relies upon *United States v. United Mine Workers,* 330 U.S. 258, 272, 67 S.Ct. 677, 686, 91 L.Ed. 884 (1947), which stated that "statutes which in general terms divest pre-existing rights or privileges will not be applied to the sovereign without express words to that effect." The court there held that Congress did not intend to treat the United States in the same manner as other "employers" under federal labor laws. *Id.* at 276, 67 S.Ct. at 687. *United Mine Workers* establishes no general rule of construction applicable here. Interpretation of the California statute involves construction of state law, not the scope of federal sovereign immunity.[4] The Postal Service offers nei-

---

**2.** Act of Aug. 12, 1970, Pub.L. No. 91–375, 84 Stat. 719, *codified* at 39 U.S.C. §§ 101 *et seq.*

**3.** The definition of "person" in § 1758 does not expressly refer to those types of entities commonly subject to the withholding requirements of state unemployment insurance taxes, *i.e.,* corporations, partnerships and associations, but the Postal Service does not suggest that those entities are exempt by virtue of the omission.

**4.** Nor is it clear that Cal.Unemp.Ins.Code § 1755 operates to "divest pre-existing rights" within the meaning of *United Mine Workers.* Traditionally, labor injunctions had been available to employers under certain circumstances; the Norris-LaGuardia Act, however, divested federal courts of jurisdiction to issue such injunctions. 29 U.S.C. § 101. The relevant sections of the California Unemployment Insurance Code do not appear to "divest" the Postal Service of any "rights or privileges" in the sense the Supreme Court used those terms,

ther a reason why California should wish to treat federal agencies any differently than it treats other employers for purposes of state tax collection procedures, nor any indication that the state legislature intended to do so.

Our conclusion that state law authorizes the Department to direct notices of levy under § 1755 to the Postal Service is reinforced by a rule of construction used by the California courts. In construing Cal.Civ. Proc.Code § 17, which parallels section 1758 in stating that the term " 'person' includes" listed types of entities, the California court of appeal articulated the California rule:

> The statement that the word person "includes" a natural person and a corporation leaves open for consideration what other types of entities that word includes when used in a particular context to meet a given situation. The word "includes" is not ordinarily a word of limitation but rather of enlargement.

*Oil Workers International Union v. Superior Court,* 103 Cal.App.2d 512, 230 P.2d 71, 105–06 (1951). *Accord, People v. Western Air Lines, Inc.,* 42 Cal.2d 621, 268 P.2d 723, 733 (1954); *Patricia J. v. Rio Linda Union School District,* 61 Cal.App.3d 278, 132 Cal. Rptr. 211, 216 (1976); *Datil v. City of Los Angeles,* 263 Cal.App.2d 655, 69 Cal.Rptr. 788, 790 (1968); *Durkin v. Durkin,* 133 Cal. App.2d 283, 284 P.2d 185, 188–89 (1955). We therefore conclude that the Postal Service is a "person" against whom the Department may proceed under § 1755.[5]

The Service's alternative contention is that even if the California statute is construed to apply to the Postal Service, the statute is inconsistent with and therefore preempted by 39 U.S.C. § 5006.[6] That statute by its terms governs the creation of liens in favor of those who perform services for a Postal Service contractor or subcontractor. The parties agree that the Department cannot become a lienor within the meaning of the statute, since it has not performed services for a Postal Service contractor or subcontractor. The Service goes on to argue, however, that because § 5006 is the only statutory authority expressly conferring a right to proceed against the Service in order to reach funds owed to a postal contractor or subcontractor, the Department may not levy upon such funds in any other fashion.

The Service cites no cases in support of its position, and several courts have effectively established that § 5006 is not the exclusive means of attaching Postal Service funds owed to contractors or subcontractors. In *Kennedy Electric Co. v. United States Postal Service,* 508 F.2d 954 (10th Cir.1974), a subcontractor was allowed to recover from the Postal Service money owed to the general contractor by the Service. The court did not mention § 5006; recovery was permitted because the subcontractor had established an equitable lien, not a statutory one. Moreover, the Service's argument is inconsistent with other decisions allowing garnishment of Postal Service funds without regard to whether

---

since they do not take away remedies previously available.

**5.** *Cf. Georgia v. Evans,* 316 U.S. 159, 162, 62 S.Ct. 972, 974, 86 L.Ed. 1346 (1942) ("any person," as used in § 7 of Sherman Act, 15 U.S.C. § 15, includes states); *Chattanooga Foundry & Pipe Works v. City of Atlanta,* 203 U.S. 390, 396, 27 S.Ct. 65, 66, 51 L.Ed. 241 (1906) ("any person," as used in § 8 of Sherman Act, 15 U.S.C. § 7, includes municipalities). *Accord, City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 395–97 & nn. 10, 14, 98 S.Ct. 1123, 1127–1128 & nn. 10, 14, 55 L.Ed.2d 364 (1978).

**6.** That section provides only that:
(a) A person who—

(1) performs service for a contractor or subcontractor in the transportation of mail;
(2) files his contract for service with the Postal Service; and
(3) files satisfactory evidence of performance with the Postal Service;
shall have a lien on money due the contractor or subcontractor for the service
(b) The Postal Service may pay the person establishing a lien under subsection (a) of this section the sum due him, when the contractor or subcontractor fails to pay the person the amount of his lien within 2 months after the expiration of the month in which the service was performed. It shall charge the amount so paid to the contract. The payments may not exceed the annual rate of pay of the contractor or subcontractor.

the debt garnished is owed to a contractor or subcontractor. *General Electric Credit Corp. v. Smith,* 565 F.2d 291 (4th Cir.1977) (per curiam); *May Department Stores Co. v. Williamson,* 549 F.2d 1147 (8th Cir.1977); *Standard Oil Division, American Oil Co. v. Starks,* 528 F.2d 201 (7th Cir.1975) (per curiam).

Accordingly, we hold that 39 U.S.C. § 5006 does not bar the collection procedures utilized here. The summary judgment granted against the Employment Development Department and in favor of the United States Postal Service is reversed.

## II. *The Franchise Tax Board*

In Mid-1978, the Franchise Tax Board (the Board) issued four "orders to withhold" to the Postal Service under Cal.Rev. & Tax. Code § 18817.[7] These orders informed the Postal Service that four individual employees were delinquent in paying state income taxes. The orders purported to constitute a levy on the credits or payments owed by the Postal Service to the four Taxpayer-employees. The Postal Service refused to comply, arguing as it had with the Department that the statute authorizing such orders was not applicable to federal agencies such as the Postal Service. The Board commenced this action in December 1978, seeking judgment in the amount of the tax delinquencies and court costs.

The district court held in granting summary judgment for the Postal Service that, first, state law does not authorize such levies against federal agencies, and second, the Postal Service cannot be required to collect delinquent California tax liabilities of its employees because a contrary conclusion would violate 5 U.S.C. § 5517, which governs the withholding of state income taxes by federal agencies.

■ The Postal Service's first argument, that the California Revenue and Taxation Code does not authorize use of the summary tax collection procedures against a federal agency, is frivolous in view of the express provisions of those statutes. Here, unlike the situation in the companion case involving the Employment Development Department, the California legislature has unequivocally demonstrated its intention. It is true that neither the Postal Service in particular, nor federal agencies in general, are expressly included within the definition of "employer" embodied in section 18810.[8] That definition, however, must be read together with the definition of "employee" in section 18809, repealed in 1980 and recodified at Cal.Unemp.Ins.Code § 13004. An employee is "[any] individual who receives remuneration for services performed within

---

**7.** Cal.Rev. & Tax.Code § 18817 provides:

The Franchise Tax Board may by notice, served personally or by first class mail, require any employer, person, officer or department of the state, ... having in their possession, or under their control, any credits or other personal property or other things of value, belonging to a taxpayer or to an employer or person who has failed to withhold and transmit amounts due pursuant to Section 18815 or 18818, to withhold, from such credits or other personal property or other things of value, the amount of any tax, interest, or penalties due from the taxpayer or the amount of any liability incurred by such employer or person for failure to withhold and transmit amounts due from a taxpayer under this part and to transmit the amount withheld to the Franchise Tax Board at such times as it may designate.

**8.** Cal.Rev. & Tax.Code § 18810(a) has been repealed and recodified at Cal.Unemp.Ins.Code § 13005. At the time relevant to this lawsuit, § 18810(a) provided:

For purposes of this chapter, the term "employer" means any individual, person, corporation, association or partnership, or any agent thereof, doing business in this state, deriving income from sources within the state, or in any manner whatsoever subject to the laws of this state, the State of California or any political subdivision or agency thereof, including the Regents of the University of California, any city organized under a freeholders' charter, or any political body not a subdivision or agency of the state, and any person, officer, employee, department, or agency thereof, making payment of wages to employees for services performed within this state....

It is not contended that in order to be operative the statute must refer specifically to the Postal Service; the Service does argue that applicability to federal agencies in general will not be implied, in the absence of express language.

this state and includes an officer, employee, or elected official of the United States . . . or any agency or instrumentality [thereof]." Thus, reading the two sections together, it is obvious that the Postal Service is an "employer" indebted to an "employee" within the meaning of those sections.[9] State law clearly authorizes issuance of notices to withhold to the Postal Service.

It remains to be considered only whether the Service is nevertheless excused from compliance by federal law. Under 5 U.S.C. § 5517,[10] the Secretary of the Treasury is required to enter into contracts with states wishing federal agencies and instrumentalities to withhold state income taxes from payments to employees liable therefor. Subsection (b) and the parallel provision of the contract between the Secretary and California prohibit the imposition of "a penalty or liability because of this section" on "the United States or its employees." [11]

The Service argues that the provisions of § 5517 prohibit these levies. We agree. This section, the substance of which has been in effect since 1952, was enacted for the specific purpose of providing for the withholding of state income taxes from the earnings of federal employees. The uncontroverted evidence in the record establishes that as early as 1962, withholding was provided by agreement persuant to § 5517 between the Secretary of the Treasury and the State of California. The agreement specifically states: "3. Nothing in this agreement shall be deemed: . . . (b) to require collection by agencies of the United States of delinquent tax liabilities of federal employees." The standard agreement prescribed by regulation, 31 C.F.R. 215.12(a) (1978) contains the same provision. The regulations promulgated by the Secretary of the Treasury to implement § 5517 are specifically applicable to the United States Postal Service. 31 C.F.R. § 215.2(a). Before the enactment of the Postal Reorganization Act (Footnote 2), the Post Office Department employees in California were subjected to withholding of state income taxes in accordance with § 5517 and the agreement.

The Congress included 39 U.S.C. § 410 in the Postal Reorganization Act. It provides, in part: "Except as provided in subsection (b) of this section, and except as otherwise provided in this title or insofar as such laws remain in force as rules or regulations of the Postal Service, no Federal law dealing with public or Federal contracts . . . employees . . . or funds . . . apply to the exercise of the powers of the Postal Service." Subsection (b) does not include § 5517

9. This conclusion is made express in a formal regulation promulgated by the Board. Cal.Admin.Code, tit. 18 regulation 18810. Subsection (a) of that regulation states that: "[t]he term 'employer' means any person for whom an individual performs or performed any service, of whatever nature, as the employee of such person." Subsection (d) further states that "[t]he term 'employer' embraces not only individuals and organizations engaged in trade or business, but . . . the governments of the United States, the states, territories, and the District of Columbia, including their agencies, instrumentalities, and political subdivisions."

10. 5 U.S.C. § 5517 provides:
   (a) When a State statute—
      (1) provides for the collection of a tax either by imposing on employers generally the duty of withholding sums from the pay of employees and making returns of the sums to the State, or by granting to employers generally the authority to withhold sums from the pay of employees if any employee voluntarily elects to have such sums withheld; and
      (2) imposes the duty or grants the authority to withhold generally with respect to the

pay of employees who are residents of the State;
   the Secretary of the Treasury, under regulations prescribed by the President, shall enter into an agreement with the State within 120 days of a request for agreement from the proper State official. The agreement shall provide that the head of each agency of the United States shall comply with the requirements of the State withholding statute in the case of employees of the agency who are subject to the tax and whose regular place of Federal employment is within the State with which the agreement is made. . . .
   (b) This section does not give the consent of the United States to the application of a statute which imposes more burdensome requirements on the United States than on other employers, or which subjects the United States or its employees to a penalty or liability because of this section. An agency of the United States may not accept pay from a State for services performed in withholding State income taxes from the pay of the employees of the agency.

11. See n. 10, supra. See generally 31 C.F.R. §§ 215.1—215.13.

(withholding of state income taxes) but does include § 5520 (withholding of city income and employment taxes). Section 5520 was first enacted on July 10, 1974, 88 Stat. 294, and 39 U.S.C. § 410 was amended by the same law to include this new provision for withholding city income and employment taxes as a law applicable to the Postal Service.

When the Postal Reorganization Act was adopted, the Congress was faced with the situation of transforming an established federal agency, the Post Office Department, into the United States Postal Service, "an independent establishment of the executive branch." The transition was accomplished with as little disruption as possible. In substance, all previous laws, regulations and contracts remained in effect until changed by the Board of Governors of the new independent establishment. 62 Am. Jur.2d, § 2, p. 6.[12] It is true that the language of 39 U.S.C. § 410, "insofar as such laws remain in force as rules or regulations of the Postal Service," may be somewhat equivocal in support of this conclusion, but the Savings Provision of Public Law 91–375 (84 Stat. at 774–5) is much more specific.[13]

The undisputed evidence shows that the United States Postal Service did recognize that the withholding of state income taxes contract does apply to it and continues in force and effect. When in 1974 a new act was passed authorizing similar agreements for the withholding of city or county income or employment taxes, the fact that this law was made specifically applicable to the United States Postal Service implies Congressional recognition that the statute pertaining to the withholding of state income taxes was already applicable to it. The anomaly inherent in any other conclusion is obvious.

The orders to withhold served by the Franchise Tax Board were issued pursuant to Cal.Rev. & T.Code § 18817 (Footnote 7), which is part of Chapter 19, Article I of the Revenue and Taxation Code relating to "Information and Withholding Tax at Source." It deals with the same subject matter as 5 U.S.C. § 5517. In view of the agreements and regulations pursuant to the authorization of § 5517, federal cooperation with state withholding tax statutes is limited to current withholding from current wages to meet current anticipated income tax liabilities of the federal employee. Withholding of wages of federal employees cannot be used to collect delinquent tax liabilities.

---

**12.** 62 Am.Jur., § 2, p. 6.

In enacting the Postal Reorganization Act, Congress provided that all orders, determinations, rules, regulations, permits, contracts, certificates, licenses, and privileges which remained effective at the time the Postal Service commenced operating were to continue in effect until modified, terminated, superseded, set aside, or repealed by the Service in the exercise of its administrative authority. Moreover, Congress provided that all provisions of Title 39 of the United States Code in effect immediately prior to the effective date of such act are to continue in force as rules or regulations of the Postal Service, to the extent that the Service is authorized to adopt such provisions as rules or regulations until they are revoked, amended, or revised by the Postal Service.

**13.** Savings Provision of Public Law 91–375 (84 Stat. at 774–5).

Sec. 5. (a) All orders, determinations, rules, regulations, permits, contracts, certificates, licenses, and privileges—

(1) which have been issued, made, granted, or allowed to become effective

(A) under any provision of law amended by this Act; or

(B) in the exercise of duties, powers, or functions which are transferred under this Act;

by (i) any department or agency, any functions of which are transferred by this Act, or (ii) any court of competent jurisdiction; and

(2) which are in effect at the time the United States Postal Service commences operations, shall continue in effect according to their terms until modified, terminated, superseded, set aside, or repealed by the Postal Service (in the exercise of any authority vested in it by this Act), by any court of competent jurisdiction, or by operation of law.

\* \* \* \* \* \*

(f) Provisions of title 39, United States Code, in effect immediately prior to the effective date of this section, but not reenacted by this Act, shall remain in force as rules or regulations of the Postal Service established by this Act, to the extent the Postal Service is authorized to adopt such provisions as rules or regulations, until they are revoked, amended, or revised by the Postal Service.

The Franchise Tax Board argues with considerable persuasiveness that the United States Postal Service is now a quasi-autonomous entity. The Postal Service has been "launched into the commercial world." *See FHA v. Burr,* 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940); *May Department Stores Co. v. Williamson,* 549 F.2d 1147, 1148 (8th Cir.1977); *Standard Oil Division, American Oil Co. v. Starks,* 528 F.2d 201, 202–3 (7th Cir.1975). The Postal Reorganization Act, 39 U.S.C. § 401(1), with two narrow limitations not relevant here, expressly confers on the Postal Service the general power to sue and be sued in its official name. So, it is contended that this general waiver of immunity overrides the specific limitations and restrictions of 5 U.S.C. § 5517 and the pertinent agreements and regulations. We do not agree. The general rule of statutory construction is that "where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Morton v. Mancari,* 417 U.S. 535, 552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). *See also Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 151, 96 S.Ct. 1989, 1992–3, 48 L.Ed.2d 540 (1976).[14]

The summary judgment granted against the Franchise Tax Board and in favor of the United States Postal Service is affirmed.

SCHROEDER, Circuit Judge, dissenting in part:

I concur in the court's opinion in No. 80–5694 holding that the California Employment Development Department may recover funds which the U.S. Postal Service owes to mail transportation contractors who are delinquent in paying state unemployment taxes.

I dissent from the decision in No. 80–5700 which holds that the California Franchise Tax Board may not use similar procedures to recover funds which the Service owes to employees who are delinquent in paying state income taxes. The majority reaches that determination because it interprets 5 U.S.C. § 5517 to prohibit use of such procedures. I cannot agree.

Section 5517 authorizes federal agencies to withhold state income taxes from their employees' salaries. By its own terms, it is a limited waiver of sovereign immunity. It therefore provides in part that

(b) This section does not give the consent of the United States to the application of a statute which imposes more burdensome requirements on the United States than on other employers, or which subjects the United States or its employees to a penalty or liability because of this section. 5 U.S.C. § 5517(b) (1976).

The language is merely a description of the limited congressional consent given in that provision. It does not purport to limit congressional power to waive immunity in other statutes.

In the Postal Reorganization Act, Congress did waive Postal Service immunity, without any qualification regarding state tax procedures, by providing that the Service can "sue or be sued" like a private

---

14. *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 151, 96 S.Ct. 1989, 1991–1992, 48 L.Ed.2d 540.

It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum. "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Morton v. Mancari,* 417 U.S. 535, 550–551, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290, 301. "The reason and philosphy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all." T. Sedgwick, The Interpretation and Construction of Statutory and Constitutional Law 98 (2d ed. 1874).

employer. 39 U.S.C. § 401(1) (1976). *See FHA v. Burr*, 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). The federal courts have consistently held that section 401(1) waives Postal Service immunity from state garnishment proceedings. *Associates Financial Services v. Robinson*, 582 F.2d 1 (5th Cir.1978) (per curiam); *Beneficial Finance Co. v. Dallas*, 571 F.2d 125 (2d Cir. 1978); *General Electric Credit Corp. v. Smith*, 565 F.2d 291 (4th Cir.1977) (per curiam); *Goodman's Furniture Co. v. United States Postal Service*, 561 F.2d 462 (3d Cir. 1977) (per curiam); *May Department Stores Co. v. Williamson*, 549 F.2d 1147 (8th Cir. 1977); *Standard Oil Division, American Oil Co. v. Starks*, 528 F.2d 201 (7th Cir.1975) (per curiam). *See also Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 n. 2 (9th Cir.1979) (dictum). *Cf. Snapp v. United States Postal Service*, 664 F.2d 1329 (5th Cir.1982) (rejecting attempt by Postal Service employee to enjoin wage garnishment); *Long Island Trust Co. v. United States Postal Service*, 647 F.2d 336 (2d Cir.1981) (assuming without discussion amenability of Postal Service to garnishment).

The statutory collection process in question here is essentially a garnishment procedure. We are offered no reason why Congress would wish to treat Postal Service employees' tax debts any differently than it treats their other debts. Nor are we offered any statutory language requiring such a distinction.

I conclude that California's income tax collection procedures do not offend the provisions of 5 U.S.C. § 5517, and that their implementation in this case is the only result which furthers Congress' intent to treat the Service like a private employer. I would therefore reverse both judgments.