### GEORGIA *v.* EVANS ET AL.

No. 872. Argued April 14, 1942.—Decided April 27, 1942.

---

*Mr. Ellis G. Arnall,* Attorney General of Georgia, with whom *Mr. E. J. Clower,* Assistant Attorney General, was on the brief, for petitioner.

*Mr. Edwin W. Moise,* with whom *Messrs. Hal Lindsay, Felix T. Smith, B. B. Taylor, Barry Wright, Donald R. Richberg, R. L. Wagner, C. S. Gentry,* and *Marion Smith* were on the brief, for respondents.

A brief was filed by thirty-four States, as *amici curiae,* urging reversal.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

Complaining that the respondents had combined to fix prices and suppress competition in the sale of asphalt in violation of the Sherman Law, the State of Georgia, which each year purchases large quantities of asphalt for use in the construction of public roads, brought this suit to recover treble damages under § 7 of that Act, 26 Stat. 209, 210; 15 U. S. C. § 15. According to that section, "Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any district court of the United States . . . , and shall recover threefold the damages by him sustained . . ." Section 8 provides that "the word 'person,' or 'persons,' wherever used in this act shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country." 26 Stat. 209, 210; 15 U. S. C. § 7.

The District Court dismissed the suit on the ground that the State of Georgia is not a "person" under § 7 of the Act. Deeming the question controlled by *United States* v. *Cooper Corp.*, 312 U. S. 600, the Circuit Court of Appeals for the Fifth Circuit affirmed the judgment. 123 F. 2d 57. The importance of the question in the enforcement of the Sherman Law is attested by the fact that thirty-four States, as friends of the Court, supported Georgia's request that the decision be reviewed on certiorari. And so we brought the case here.

The only question in the *Cooper* case was "whether, by the use of the phrase 'any person,' Congress intended to confer upon the United States the right to maintain an action for treble damages against a violator of the Act." 312 U. S. at 604. Emphasizing that the United States had chosen for itself three potent weapons for enforcing the Act—namely, criminal prosecution under §§ 1, 2, and 3, injunction under § 4, and seizure of property under § 6—, the Court concluded that Congress did not also give the United States the remedy of a civil action for damages. This interpretation was drawn from the structure of the Act, its legislative history, the practice under it, and past judicial expressions. It was not held that the word "person," abstractly considered, could not include a governmental body. Whether the word "person" or "corporation" includes a State or the United States depends upon its legislative environment. *Ohio* v. *Helvering*, 292 U. S. 360, 370. The *Cooper* case recognized that "there is no hard and fast rule of exclusion. The purpose, the subject matter, the context, the legislative history, and the executive interpretation of the statute are aids to construction which may indicate an intent, by the use of the term, to bring state or nation within the scope of the law." 312 U. S. at 604–605. Considering all these factors, the Court found that Congress did not give to the Government, in addition to the other remedies ex-

clusively provided for it, the remedy of treble damages—the only remedy originally given to victims, other than the Government, of practices proscribed by the Act.

The considerations which led to this construction are entirely lacking here. The State of Georgia, unlike the United States, cannot prosecute violations of the Sherman Law.[1] Nor can it seize property transported in defiance of it. And an amendment was necessary to permit suit for an injunction by others than the United States. See *Minnesota* v. *Northern Securities Co.,* 194 U. S. 48, 70–71, and Act of October 15, 1914, c. 323, § 16, 38 Stat. 730, 737. If the State is not a "person" within § 8, the Sherman Law leaves it without any redress for injuries resulting from practices outlawed by that Act.

The question now before us, therefore, is whether no remedy whatever is open to a State when it is the immediate victim of a violation of the Sherman Law. We can perceive no reason for believing that Congress wanted to deprive a State, as purchaser of commodities shipped in interstate commerce, of the civil remedy of treble damages which is available to other purchasers who suffer through violation of the Act. We have already held that such a remedy is afforded to a subdivision of the State, a municipality, which purchases pipes for use in constructing a waterworks system. *Chattanooga Foundry* v. *Atlanta,* 203 U. S. 390. Reason balks against implying denial of such a remedy to a State which purchases materials for use in building public highways. Nothing in the Act, its history, or its policy, could justify so restrictive a construction of the word "person" in § 7 as to exclude a State. Such a construction would deny all redress to

---

[1] In 1914 Congress rejected an amendment to authorize the Attorney General of any State to institute a criminal proceeding, in the name of the United States, to enforce the anti-trust laws. 51 Cong. Rec. 14519, 14527.

a State, when mulcted by a violator of the Sherman Law, merely because it is a State.[2]

*Reversed.*

MR. JUSTICE BLACK concurs in the result.

MR. JUSTICE ROBERTS:

I agree that this case is not ruled by our decision in *United States* v. *Cooper Corp.*, 312 U. S. 600. Certain of the reasons adduced in support of that decision are inapplicable here. I am, nevertheless, of opinion that the judgment should be affirmed. I base this conclusion upon the plain words of the Sherman Act. Section 7 provides that "any person who shall be injured in his business or property by any other person," by any action forbidden by the statute, may sue and recover damages therefor. Section 8 provides that the word "person" or "persons," wherever used in the Act, "shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country."

If the word "person" is to include a State as plaintiff, it must equally include a State as a defendant or the language used is meaningless. Moreover, when in § 8 Congress took the trouble to include as "persons" corporations organized under the laws of a State, the inference is plain that the State itself was not to be deemed a corporation organized under its own laws, any more than the United

---

[2] We put to one side the suggestion that if the Sherman Law gives a State a right of action, Article III of the Constitution would give this Court original jurisdiction of such a suit if a State saw fit to pursue its remedy here. If the district courts are given jurisdiction, a State may bring suit there even though under Article III suit might be brought here. *United States* v. *California*, 297 U. S. 175, 187.

States is to be deemed a corporation organized under its own laws.

It is not our function to speculate as to what Congress probably intended by the words it used, or to enforce the supposed policy of the Act by adding a provision which Congress might have incorporated but omitted.