724

Forrest E. JUSTICE, Plaintiff,

v.

UNITED STATES of America,
Defendant,

v.

Samuel PICCININI, trading and doing
business as Rochester Coal Trucking
and Contracting Company, Third-Party
Defendant.

Charles ROTH, Plaintiff,

v.

UNITED STATES of America,
Defendant,

v.

Samuel PICCININI, trading and doing
business as Rochester Coal Trucking
and Contracting Company, Third-Party
Defendant.

Civ. A. Nos. 62–443, 62–444.

United States District Court
W. D. Pennsylvania.

Sept. 20, 1962.

Thomas H. Welsh, Pittsburgh, Pa., R. Eric Simons, Monaca, Pa., for Justice.

H. Fred Mercer, Pittsburgh, Pa., for Piccinini et al.

Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., for United States.

DUMBAULD, District Judge.

The plaintiffs in the instant causes sued the United States under the Tort Claims Act, 28 U.S.C. § 2671, et seq., for personal injuries arising out of a collision between a mail truck and the vehicle in which they were driving to work. This Court has jurisdiction of the cause by virtue of 28 U.S.C. § 1346(b). The other vehicle was driven by an agent of plaintiffs' employer. The United States brought the employer upon the record as a third-party defendant. At trial it was found that both drivers were negligent, and the United States and the employer were joint tortfeasors.

The Tort Claims Act imposes upon the United States liability for tort claims "in the same manner and to the same extent as a private individual under like circumstances", provided that the United States shall not be liable for interest prior to judgment or for punitive damages. 28 U.S.C. § 2674.

Under Pennsylvania law, as set forth in Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959), the liability of an employer who is a joint tortfeasor is limited to any unpaid balance of the amount due to plaintiff under the provisions of the Workmen's Compensation Law of Pennsylvania. An employer's liability to a joint tortfeasor is similarly limited to the same extent.

It is stipulated on the record by the parties to this case that in fact, regardless of what the amount of unpaid liability under the Workmen's Compensation Law may have been, releases were obtained by the employer from the plaintiffs, and plaintiff Roth was paid $7750.00 and plaintiff Justice was paid $3750.00.

On September 27, 1961, the Court rendered judgment against the United States in the amount of $10,000.00 in favor of plaintiff, Charles Roth, and in favor of the plaintiff, Forrest E. Justice, in the amount of $5,000.00. It was further adjudged that the United States and the employer were joint tortfeasors and that the right of contribution exists in favor of the United States against the employer for such amount as the United States may hereafter prove it has paid to the plaintiffs, or any of them, in excess of its pro rata share of the amount due to said plaintiffs, to wit: "to the plaintiff, Charles Roth, in excess of five thousand ($5,000.00) dollars, to the plaintiff, Forrest E. Justice, in excess of two thousand five hundred ($2,500.00) dollars".

The United States has paid nothing to either plaintiff.

The United States now contends that its liability is limited to the difference between the full face of the judgment against it and the amount which plaintiffs have received pursuant to the releases entered into with their employer. In figures, this means that the United States claims that it should pay Charles Roth $2,250.00 and Forrest E. Justice $1,250.00.

The United States accordingly filed on August 6, 1962, its pending motion under Rule 60 F.R.Civ.P., 28 U.S.C. for relief from the judgment of September 27, 1961.

Plaintiffs on the other hand contend that the United States should pay them the entire face amount of the judgment, just as an individual or corporate defendant would be required to pay the full amount of the judgment, and thereafter be relegated to its remedy against the other joint tortfeasor for contribution.

The question in dispute seems to be whether the Pennsylvania Uniform Contribution Among Tortfeasors Act of July 19, 1951, P.L. 1130, 12 P.S. § 2082 et seq., applies to the United States as a joint tortfeasor.

The Act defines the term "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered

against all or some of them". 12 P.S. § 2082. The Act provides that "the right of contribution exists among joint tortfeasors". 12 P.S. § 2083. It is also provided that the recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors. 12 P.S. § 2084.

The Act also provides that "a release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other joint tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid." 12 P.S. § 2085.

The plaintiffs contend that this Pennsylvania statute does not apply to the United States. Their contention boils down to the proposition that the word "persons" in 12 P.S. § 2082 does not include the United States. Cf. United States v. Cooper Corp., 312 U.S. 600, 614, 61 S.Ct. 742, 85 L.Ed. 1071 (1941) and Georgia v. Evans, 316 U.S. 159, 161–62, 62 S.Ct. 972, 86 L.Ed. 1346 (1942).

In support of this contention they point out that the general Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. § 601(84), states that the word "person" is defined as including a corporation, partnership and association, as well as a natural person. But this is not conclusive of the issue, inasmuch as it neither includes nor excludes the United States.

But the real issue here is not whether or not the United States is a "person" but whether or not the United States is a "joint tortfeasor" within the meaning of the Pennsylvania statute on that subject.

The definition in 12 P.S. § 2082 defines the term "joint tortfeasors" as meaning "two or more persons jointly or severally liable in tort".

By making the United States liable in tort, Congress has obviously made it possible for the United States to be a "joint tortfeasor" under appropriate circumstances.

This clearly seems to follow from the decision in United States v. Yellow Cab Company, 340 U.S. 543, 553, 71 S.Ct. 399, 95 L.Ed. 523 (1951), where the Supreme Court went so far as to say that the Government can be sued as a third-party defendant for contribution as a joint tortfeasor.

Other cases in the Third Circuit seem to indicate that the United States is to be treated in the same manner as any other joint tortfeasor. Di Benedictis v. United States, 103 F.Supp. 462 (W.D.Pa. 1952); Russell v. United States, 113 F. Supp. 353 (M.D.Pa.1953).

Accordingly we find that the Pennsylvania statute is applicable to the United States as a joint tortfeasor, and accordingly 12 P.S. § 2085 regarding the effect of releases applies.

That section provides that a release "reduces the claim against the other tortfeasors in the amount of the consideration paid for the release."

This seems to indicate that the plaintiffs' "claim" against the other tortfeasors is reduced, as a matter of substantive law, apart from the claim of the United States against the employer for contribution.

The section provides that the claim shall be reduced by the amount of the consideration "paid" for the release.

■ It is evident therefore that the Government is entitled to credit for the amount actually paid by the employer for the release, rather than for the presumably smaller amount for which the employer would have been liable under the Pennsylvania law as set forth in the Dickey case previously cited.

Other Pennsylvania cases confirm this construction of the State statute. Maio v. Fahs, 339 Pa. 180, 190, 14 A.2d 105 (1940); Davis v. Miller, 385 Pa. 348, 352, 123 A.2d 422 (1956); Daugherty v. Hershberger, 386 Pa. 367, 372–375, 126 A.2d 730 (1956) [where Justice Musman-

no dissenting vigorously emphasized the unjust results of the rule]; Hilbert v. Roth, 395 Pa. 270, 273, 149 A.2d 648 (1959); Smith v. Fenner, 399 Pa. 633, 639, 161 A.2d 150 (1960).

The law is clear that a plaintiff is equitably entitled to only one satisfaction, though for security many judgments may be recovered. The Court retains control of execution. Pacific Lumber Co. v. Rodd, 287 Pa. 454, 459–460, 135 A. 122 (1926); 339 Pa. at 188, 14 A.2d at 109.

To prevent circuity of action and unjust enrichment the Court may compute and declare the amount each party should pay. This does not impair the integrity of the original judgment of September 27, 1961, in which the Court exercised the function which the jury would have exercised in a jury trial. Technically therefore the Government may not be entitled to any "relief" from that judgment, under Rule 60, but it is immaterial in what manner the Court's equitable function is exercised, so as to give effect under Federal procedure to the substantive rule of Pennsylvania law embodied in the statute concerning joint tortfeasors.

One other point is in dispute, regarding the taxation as costs of expenses incurred by plaintiff in taking certain depositions of witnesses. Counsel state that the depositions were used in cross-examination but not as direct testimony.

It is clear that the United States is "liable for fees and costs only when such liability is expressly provided for by Act of Congress". 28 U.S.C. § 2412 (a). 28 U.S.C. § 2412(b), however, goes on to provide that costs from the date issue is joined may be allowed to the prevailing party, but that "Such costs shall include only those actually incurred for witnesses and fees paid to the clerk"

The question therefore is, do the costs of taking the depositions involved here constitute costs "incurred for witnesses"?

We conclude that they do. No authorities are cited that enlighten us, and etymologically the word "witness" can mean a person having personal knowledge of the facts just as logically as it could be limited to a person formally testifying to such facts in court. It could also equally well be defined as a person subpoenaed to testify, even if not called to the stand.

We believe that the reasonable interpretation of the term here should embrace costs reasonably incident to the trial, whether the person is called to the stand for direct examination or not. Conceivably counsel might have brought a witness into the courtroom, but the Court directed the witness not to be called, as the testimony would be cumulative. In such an event clearly the costs should be allowed. So of other persons having knowledge of testimonial value reasonably incident to the trial. The accidents of courtroom tactics should not be controlling on this question. We conclude that plaintiff should be allowed this item, and that the costs as taxed by the Clerk should stand.