**In re Coordinated Pretrial Proceedings in ANTIBIOTIC ANTITRUST ACTIONS.**

*State of Kuwait, et al. v. Chas. Pfizer & Co., et al.*

**M 19–93A and 69 Civ. 4091.**

United States District Court, S. D. New York.

May 26, 1971.

## MISCELLANEOUS ORDER NO. 71–13

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

MILES W. LORD, District Judge (By Assignment).

This action is one of more than sixty so-called non-settling antibiotic drug cases which have been assigned to the undersigned judge for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Antibiotic Drug Cases, 320 F.Supp. 586 (Jud. Pan.Mult.Lit.1971). It is brought by Kuwait, a foreign sovereign, seeking treble damages under section 4 of the Clayton Act, 15 U.S.C. § 15, resulting from its purchases of broad spectrum antibiotic drugs manufactured and sold by the defendants. The defendants have moved to dismiss "for failure to state a claim upon which relief can be granted on the ground that the plaintiff, as a foreign sovereign government, has no cause of action under section 4 of the Clayton Act." [1] The issue, simply stated, is whether a foreign nation is a "person" within the meaning of our antitrust laws. [2]

While it may be simply stated, the question is of great importance and is

---

1. A similar motion was filed in the *Republic of Vietnam Case* but it raises additional issues not involved in this case, which will be dealt with separately. To the extent applicable, the court's holding here will apply with equal force and effect to the *Vietnam Case.*

2. 15 U.S.C. §§ 7 and 12.

apparently one of "first impression."[3] While the parties agree that Congressional intent controls, there is little of relevance to be garnered from the legislative history of the Sherman and Clayton Acts and no reported decision has been found which squarely faces this issue.

All parties agree that the relevant case law is essentially limited to two Supreme Court decisions: United States v. Cooper Corp., 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071 (1941) and Georgia v. Evans, 316 U.S. 159, 62 S.Ct. 972, 86 L.Ed. 1346 (1942). In *Cooper*, the Supreme Court held that the United States could not maintain a treble damage action under the Sherman Act (thus leading Congress to amend the Act to allow the United States to sue for single damages) while in *Georgia*, the Court held that a state could recover treble damages under section 4 although it was not included in the statutory definition of persons entitled to maintain treble damage actions.[4]

The plaintiffs and the United States, as *amicus curiae*, argue that the rationale of *Georgia* should apply to foreign nations while the defendants argue that the *Cooper* decision is applicable to them. The plaintiffs rely on a long line of cases which allow foreign sovereigns to maintain actions in United States Courts. The United States, as *amicus*, argues persuasively that foreign nations, as a matter of good foreign policy, should be given the protection of our antitrust laws. But the real question, as this court perceives it, is whether the maintenance of this action is essential to the effective enforcement of the antitrust laws. The court believes that it is and the motion will be denied.

The decisions of the United States Supreme Court have consistently given vitality and strength to the private enforcement of our antitrust laws. As the Second Circuit recently pointed out "the most important thing to keep in mind is the *result orientation* with which the Court has approached the whole area of private treble-damage litigation." State of West Virginia v. Chas. Pfizer & Co., Inc., 440 F.2d 1079, 1087 (2d Cir. 1971) (Emphasis added.)

A conspiracy among domestic producers of antibiotic drugs to reduce or eliminate competition as to foreign sales would certainly have an adverse effect on domestic competition. Not only would it enable the domestic manufacturers to build up a substantial "war chest" from excessive profits from foreign sales but such a conspiracy might prevent either a domestic or a foreign manufacturer from entering into the foreign market in order to build up its strength to enter into the restricted domestic market. In an age of expanding world trade, a truly successful monopoly requires control of both domestic and foreign markets. For these reasons, this court is convinced that the fundamental goal of the antitrust laws could be seriously frustrated by not permitting Ku-

---

3. The plaintiffs and the United States, as *amicus curiae*, contend that the Republic of India was allowed to maintain a treble damage action in the *Electrical Equipment Co. Cases*. It is true that the counsel for the defendants indicated that he had "the job of convincing the Court that India is not a person under the antitrust laws." (Transcript of June 18, 1963, p. 139). However, the "named plaintiff" was the Damodar Valley Corporation, an Indian corporation although the defendants argued that it wasn't a bona fide corporation but was "the Republic of India acting in the guise of a corporation." (Transcript, p. 144). The plaintiff's position was simply that since the Damodar Valley Corporation was a corporation organized and existing under Indian law, it was clearly a "person" under sections 7 and 12. (Transcript, p. 156). The basis for the court's decision overruling defendants' motion to dismiss was not elucidated and cannot, under the circumstances, be relied on as authority for the plaintiff's position in this case.

4. The Sherman and Clayton Acts both define such person as including "corporation and association existing under or authorized by the laws of either the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country." 15 U.S.C. §§ 7 and 12.

wait to maintain a treble damage action for damages resulting from the alleged conspiracy.

As the Supreme Court could "perceive no reason for believing that Congress wanted to deprive a State, as purchaser of commodities shipped in interstate commerce, of the civil remedy of treble damages which is available to other (domestic) purchasers who suffer through violation of the Act," Georgia v. Evans, 316 U.S. at 162, 62 S.Ct. at 974, this court can perceive no reason for believing that Congress wanted to deprive a foreign nation, as purchaser of commodities shipped in foreign commerce, of the civil remedy of treble damages which is available to other foreign purchasers who suffer through violation of the Act.

It is therefore ordered that defendants' motion to dismiss be and the same is hereby denied.

This court is of the opinion that this order involves an important and controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b).