**DeSOTO MEDICAL CENTER, INC., et al., Plaintiffs,**

v.

**METHODIST HOSPITALS OF MEMPHIS, et al., Defendants.**

**Civ. A. No. J83–0858(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 3, 1985.

Samuel H. Wilkins, Wilkins, Ellington & James, Jackson, Miss., John K. Train, III, Frank G. Smith, III, Alston & Bird, H. Stephen Harris, Jr., pro hac vice, Atlanta, Ga., for plaintiffs.

Alex Alston, Jackson, Miss., for Methodist Hospitals of Memphis, DeSoto Methodist Hosp., Meth. Health Systems, American Medical Management & Meth. Hospital South.

Alvin M. Binder, Lisa Milner, Jackson, Miss., for Miss. Health Systems Agency.

Lester F. Smith, Jackson, Miss., for Southern Health Services of Ky.

Robert E. Sanders, W.D. Coleman, Jackson, Miss., for Miss. Health Care Comn.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause came before this Court on the Motion of the Mississippi Health Systems Agency, Inc. and the Mississippi Health Care Commission to dismiss, or in the alternative for summary judgment.

The Motion of Mississippi Health Systems Agency, Inc. (MHSA) is based on sovereign immunity in that it claims to be a federally funded instrumentality, its sole function being the planning, regulation and administration of health care within the State of Mississippi. MHSA acts in an advisory capacity to the Mississippi Health Care Commission (MHCC).

The Motion to Dismiss made by MHCC is based on the Eleventh Amendment in that MHCC is an agency of the State of Mississippi acting for the state and is in actuality the alter ego of the state. Any judgment for monetary damages would be paid from state funds.

Because this is a motion to dismiss, the Plaintiff's allegations will be construed in a light most favorable to the Plaintiff and accepted as true. Because affidavits and other material have been submitted in support and in opposition to this Motion it is in actuality a request by the two Defendants for entry of summary judgment, the Defendants asserting that there are no genuine issues of material fact and that the Defendants are entitled to judgment as a matter of law.

The Plaintiffs filed this action subsequent to their attempts to obtain approval from the MHCC for the construction of a hospital in DeSoto County, Mississippi. The Plaintiffs allege various acts on the part of officials of both the MHSA and the MHCC which they claim violated the rules and procedures of those agencies. For the purposes of this Motion it is not necessary to detail all of the events constituting the alleged antitrust violation. It is sufficient that the Plaintiffs have alleged that the Defendants conspired to prevent Plaintiffs' construction of a hospital in DeSoto County for the purpose of allowing some of the Defendants to place a hospital there instead. This market allocation is allegedly the result of the conspiracy between the Methodist Hospitals of Memphis, DeSoto Methodist Hospital, Inc., Southern Health Services of Kentucky, Inc., d/b/a Senatobia Community Hospital, Methodist Health Systems, Inc., American Medical Management, Inc., Methodist Hospital, d/b/a Methodist Hospital South, Mississippi Health Care Commission, and the Mississippi Health Systems Agency, Inc. The two moving parties are the Mississippi Health Care Commission and the Mississippi Health Systems Agency, Inc. The other Defendants, with the exception of Southern Health Services of Kentucky, Inc., d/b/a Senatobia Community Hospital, are allegedly aligned as owners and operators of hospitals with which Plaintiffs' proposed facility would compete. The DeSoto Methodist Hospital, Inc. is actually a corporation organized for the purpose of constructing a hospital within DeSoto County. The Defendant Southern Health Services of Kentucky, Inc., d/b/a Senatobia Community Hospital (Senatobia Community) is the operator of a hospital in Tate County, Mississippi. Senatobia Community is alleged to

compete for the provision of medical services to the residents of DeSoto County and is located approximately 30 miles from the site of the Plaintiffs' proposed hospital.

In essence, the Plaintiffs complain that the Methodist Defendants and Senatobia Community acted in concert with officials in the two defendant agencies to prevent approval of the construction of the hospital proposed by the Plaintiffs. There are allegations that the officials of the agencies acted in bad faith and in contravention of their own regulations and guidelines.

The Motion to Dismiss filed by the MHSA is answered by reference to the statutory scheme governing the organization and operation of Health Systems Agencies. This statutory scheme includes a specific provision relative to the liability of the agencies for damages. The statute states:

> A health systems agency shall not, by reason of the performance of any duty, function, or activity, required of, or authorized to be undertaken by, the agency, be liable for the payment of damages under any law of the United States or any State (or political subdivision thereof) if the member of the governing body of the agency or employee of the agency who acted on behalf of the agency in the performance of such duty, function, or activity acted within the scope of his duty, function, or activity as such a member or employee, exercised due care, and acted without malice toward any person affected by it....

42 U.S.C. § 300*l*–1(b)(4)(A)(i).

The legislative history of the National Health Planning and Resources Development Act of 1974, 42 U.S.C. Section 300k, *et seq.* mentions the exemption from liability only briefly and does so with reference to the liability of individuals who are members or employees of the health systems agency. 1974 *U.S. Code Cong. & Admin. News* 7842, 7919 & 7979. The exemption from liability is mentioned in the legislative history of one of the amendments to the Health Planning and Resources Development Act. 1979 *U.S. Code Cong. & Admin. News,* 1306, 1404. Again, this passing reference relates only to the broadening of the protection against personal liability as to individuals associated with health systems agencies.

■ The reason that no further inquiry is necessary for this Court at this preliminary stage is that the statute by its own terms even as it relates to the imposition of liability on individuals associated with the health systems agencies is couched in such terms which exclude any exemption for liability where the individuals or officials of the agency acted beyond the scope of their duties as officials or employees of the agency or in bad faith as to the individuals affected by their actions. The allegations of the Plaintiffs in this lawsuit include alleged misconduct by officials outside the scope of their duties as officials and employees of the agencies and with bad faith toward the Plaintiffs. This takes the Defendant MHSA outside of the exemption expressly provided by Congress in the statutory scheme and requires them to defend this lawsuit as they have failed to show that there is no genuine issue of material fact relative to the allegation of bad faith and actions outside the scope of their duties as officials of the MHSA.

■ The Motion by the MHCC to Dismiss based upon the Eleventh Amendment is also before this Court. No case has been cited to the court nor has its own independent inquiry revealed a case directly answering the question presented to this Court. That question simply stated is whether the Eleventh Amendment bars a suit against a state or agency of the state when brought pursuant to the antitrust laws. The Defendant MHCC in its brief has stated that the only basis for the Motion to Dismiss is the Eleventh Amendment immunity and does not base its Motion to Dismiss on the other possible grounds which have been raised in its amended answer and in the arguments of the Plaintiff in opposition to the Motion to Dismiss. This Court has examined not only the Eleventh Amendment immunity but also the other defenses which are inextricably relat-

ed to the immunity defense. It is clear that a state may be a plaintiff in an antitrust action. e.g. *Georgia v. Evans,* 316 U.S. 159, 62 S.Ct. 972, 86 L.Ed. 1346 (1942). Likewise, it is clear that a political subdivision of a state may be sued pursuant to the antitrust laws. *Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978). The traditional analysis in antitrust suits against state agencies originated with the Supreme Court's decision in *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). In *Parker v. Brown* the "state action" immunity to the antitrust laws was delineated. The limits of the immunity for state action were set forth in the United States Supreme Court's decision in *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975).

In *Parker v. Brown,* the legislature of the State of California set up a system whereby the price of raisins could be protected from damaging market conditions. California at that time produced most of the raisins consumed in the United States. The effect was to allow California to control the production and price of raisins. The California law was found to be consistent with the national policy expressed in the Agricultural Adjustment Act and not violative of the antitrust laws.

The parameters of the "state action" immunity were expressed in *Goldfarb* where a fee schedule was set by a local bar association. The United States Supreme Court held that the bar association was not immune from the antitrust laws prohibiting such price fixing by virtue of the state action immunity doctrine. In *Goldfarb* the Supreme Court stated that the "threshold inquiry in determining if an anticompetitive activity is state action of the type the Sherman Act was not meant to proscribe is whether the activity is required by the State acting as sovereign." *Goldfarb* 421 U.S. at 790, 95 S.Ct. at 2015.

■ The cases reviewed usually analyze the immunity question on the basis of the "state action" immunity. There are several cases which have *expressly* mentioned

the Eleventh Amendment immunity defense in relation to antitrust suits against a state. In *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792 n. 22, 95 S.Ct. 2004, 2015 n. 22, 44 L.Ed.2d 572 (1975) the Supreme Court noted that the issue was raised but did not decide it. Likewise, in *Miller v. Oregon Liquor Control Commission,* 688 F.2d 1222, 1227 n. 4 (9th Cir.1982) the court of appeals noted that the issue had been raised on a petition for rehearing. In that case the district court had not reached the issue because of the dismissal on other grounds. The court of appeals followed the course of the Supreme Court in *Goldfarb* leaving the issue to the district court on remand. One case has been found that directly rules that the Eleventh Amendment bars a lawsuit against the state for money damages. *Jefferson County Pharmaceutical Association, Inc. v. Abbott Laboratories,* 656 F.2d 92, 99 (5th Cir. 1981), *rev'd* 460 U.S. 150, 103 S.Ct. 1011, 74 L.Ed.2d 882 (1983). The Fifth Circuit adopted the district court's opinion in its entirety reprinting it in lieu of writing an opinion of its own. It is in the opinion of the district court that the question of the Eleventh Amendment immunity was reached. The United States Supreme Court reversed the decision of the Fifth Circuit without ever mentioning immunity from antitrust suits of states under the Eleventh Amendment. However, the holding of the United States Supreme Court in *Jefferson County Pharmaceutical Association v. Abbott Laboratories* is clear in that a state may be a defendant in an action pursuant to the antitrust laws. While that case arose under the Robinson-Patman Act, the court relied on cases arising out of the Clayton Act and expressly relied on its decision in *City of Lafayette v. Louisiana Power & Light Company,* 435 U.S. 389, 395, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978).

■ In light of the position of this question in the appellate courts and the silence of the United States Supreme Court in reversing a decision of a court of appeals with reference to the Eleventh Amend-

ment, this Court decides that the defense is not well taken and the Motion to Dismiss on this basis is denied.

In accordance with the above the Motion of MHSA and MHCC to Dismiss are denied.

It is further ordered that the parties are to complete discovery in this cause by February 15, 1985. All amendments to the pleadings or joinders of additional parties are to be accomplished by March 1, 1985. All dispositive motions must be filed no later than March 1, 1985.

## ORDER

This cause is before this Court on the Motion of the Mississippi Health Care Commission requesting this Court to reconsider its previous decision denying their Motion to Dismiss or for Summary Judgment. The Mississippi Health Care Commission (MHCC) requests in the alternative that this Court certify this question for an interlocutory appeal. 28 U.S.C. Section 1292(b).

The MCHH has in large part simply restated those positions which it argued initially to this Court. The only significant argument not contained in their previous briefs is based on the recent Supreme Court decision of *Hoover v. Ronwin,* — U.S. —— 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984). This Court's reading of the *Ronwin* decision confirms the previous decision of this Court. Essentially, the Supreme Court in *Ronwin* held that *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) provides anti-trust immunity for state action. In *Ronwin,* state action was found in that the denial of admission of an applicant to the state bar was pursuant to the direct command of the Supreme Court of the State of Arizona. The functions of testing, grading and subsequent recommendation for admission or denial of admission was vested in a committee set up for that purpose and such functions were subject to unrestricted review by the Supreme Court of the State of Arizona. In *Ronwin,* the Supreme Court of the State of Arizona did in fact review and affirm the recommendation of the Committee to deny admis-

sion to the Petitioner. Certainly, there is no question that this was state action under the Supreme Court's decision in *Parker v. Brown* and its progeny.

The factual scenario in *Ronwin* is distinguished from that which is before this Court in that there are substantiated allegations of actions by the MHCC which go far beyond the legislative grant of authority, indeed, including violations of the commission's own rules and regulations. Additionally, the petitioner supports allegations that the Commission thwarted by improper means the attempt of the Plaintiff to have the decision of the Commission reviewed. There are certainly questions of fact which preclude the granting by this Court of a motion to dismiss or for summary judgment in that the state action immunity from the anti-trust laws protects only those actions required by the sovereign. MHCC has directed this Court to no legislative or other license from the sovereign authorizing it to engage in the activities which the Plaintiff has alleged and supported.

The remaining contentions of the MHCC on this Motion to Reconsider will not be addressed by this Court as they have been fully addressed in the previous Order entered.

The Motion of MHCC to Certify this question for an interlocutory appeal is denied as there are a myriad of fact questions necessary to a resolution of this issue; to certify an appeal would promote piecemeal litigation contrary to the spirit and intent of Section 1292(b); such would not advance the litigation; and, in balancing the equities this Court finds that such a certification would unduly burden the Plaintiffs and delay this litigation.

In accordance with the above this Court denies the Motions of the MHCC to reconsider its previous decision and for an interlocutory appeal of the issue presented.