DIANA GRIBBON MOTZ, Circuit Judge,
concurring:
I respect the majority’s position and completely agree with its reasoning with respect to the First Amendment issue. I also concur in the judgment. In my view, however, whether the term “person” in 18 U.S.C. § 876(b) includes the University of Virginia presents a very difficult question. Although ultimately I agree with the majority’s conclusion, I write separately because I reach this conclusion for somewhat different reasons.
I.
The Supreme Court has expressly recognized that the “presumption that ‘person’ does not include the sovereign” in federal statutes is “longstanding.” Vt. Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 780, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). More than sixty years ago, Congress passed the 1947 Dictionary Act, legislating against this background presumption, providing that the word “person” includes corporations and partnerships. General Provisions, 80 cong. ch. 388, 61 Stat. 633 (1947) (codified as amended at 1 U.S.C.A. § 1 (West 2005)).
The Court then linked the longstanding presumption to the Dictionary Act, explaining that “[t]he absence of any comparable provision extending the term to sovereign governments implies that Congress did not desire the term to extend to them.” United States v. Mine Workers, 330 U.S. 258, 275, 67 S.Ct. 677, 91 L.Ed. 884 (1947). In 1948, after the decision in Mine Workers, Congress appeared to ratify this position when it amended the Act by expanding the term “person” to include numerous other legal entities but declining to include sovereign entities as “persons.” See Act of June 25, 1948, 80 cong. ch. 645, sec. 6, 62 Stat. 859; see also Ankenbrandt v. Richards, 504 U.S. 689, 700-01, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (presuming that, when Congress makes other substantive changes to a statute but does not indicate *465 an intent to change a prior construction, Congress has adopted that interpretation).
The Court has expressly held that, for purposes of this presumption, “sovereign” includes a state or state agency. Vt. Agency, 529 U.S. at 778, 780-81, 120 S.Ct. 1858. Therefore, the presumption would apply to the University of Virginia, a state agency. See Cent Va. Cmty. Coll. v. Katz, 546 U.S. 356, 126 S.Ct. 990, 994, 163 L.Ed.2d 945 (2006). Moreover, the Court has instructed that while the presumption is not “hard and fast,” we can only disregard it “upon some affirmative showing of statutory intent to the contrary.” Vt. Agency, 529 U.S. at 781, 120 S.Ct. 1858.
The Government offers little in the way of an “affirmative showing of statutory intent,” to justify disregard of the presumption.
It does point to the fact that, in addition to being a state agency, the University is a corporation under state law. This is true but irrelevant. The Supreme Court has never suggested that the state law designation of a sovereign entity as a corporation eliminates that entity’s status as a sovereign. Indeed, when a sovereign Indian Tribe and a corporation that was an “ ‘arm’ of the Tribe” sought to be recognized as “person[s]” under a federal statute, the Supreme Court denied this status to both the Tribe and corporation, without distinguishing the two, because both were sovereign entities. Inyo County v. Paiute-Shoshone Indians, 538 U.S. 701, 704, 705 n. 1, 123 S.Ct. 1887, 155 L.Ed.2d 933 (2003). Similarly, the Court has recognized that although “state officials literally are persons,” they are nonetheless presumed not to be included within the statutory term “person” when acting in their “official capacity” because in those circumstances they are “no different from ... the State itself.” See Will v. Mich. Dept. of State Police, 491 U.S. 58, 64, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
The only other reason the Government offers for disregarding the presumption is that § 876(b) is a criminal statute. Again, the Supreme Court has not suggested that the presumption reflected in the 1947 Dictionary Act does not apply to criminal statutes. Rather, as the majority recognizes, “the Supreme Court has applied the Dictionary Act’s definition of the term ‘person’ to the statutes defining criminal offenses in Title 18 of the United States Code.” Ante at 462 (citing United States v. A & P Trucking Co., 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958)); see also United States v. Ekanem, 383 F.3d 40, 42-43 (2d Cir.2004) (recognizing that the presumption would apply but finding that the statutory context nevertheless indicates that “person” includes government entities as potential victims in the Mandatory Victims Restitution Act); United States v. Errol D., 292 F.3d 1159, 1162-63 (9th Cir.2002) (recognizing that the presumption applies and holding that “person” does not include a federal agency as a potential victim in the Major Crimes Act); United States v. Belgarde, 300 F.3d 1177, 1181 (9th Cir.2002) (relying upon Errol D. and holding that “person” does not include a state agency as a potential victim in the Major Crimes Act).
Accordingly, if we were to apply the presumption as reflected in the 1947 Dictionary Act and then end our inquiry looking only to the Government’s proffered “affirmative showing,” I would be inclined to reverse. But, it is not at all clear that our analysis ends here.
II.
Congress enacted § 876(b) in 1932, over a decade before the 1947 Dictionary Act. See Act of July 8,1932, 72 cong. ch. 464, 47 Stat. 649 (codified as amended at 18 U.S.C. § 876(b) (2000)). Supreme Court precedent from that time established a different *466 analysis for determining whether “person” includes the sovereign than the approach reflected in the 1947 Dictionary Act and the more modern cases, like Vermont Agency, 529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836.
In Nardone v. United States, decided only a few years after Congress enacted § 876(b), the Court recognized the “canon that the general words of a statute do not include the government.” 302 U.S. 379, 383, 58 S.Ct. 275, 82 L.Ed. 314 (1937) (citing and explaining numerous prior cases involving the canon).* The Court held, however, that the canon applied to only two categories of statutes: (1) those which, “if not so limited, would deprive the sovereign of a recognized or established prerogative^] title[,] or interest”; and (2) those in which a reading that includes the sovereign “would work obvious absurdity.” Id. at 383-84, 58 S.Ct. 275. Finding that the statute at issue did not fall into either category, the Court declined to apply the canon. Instead, it applied “another well recognized principle”: “that the sovereign is embraced by general words of a statute intended to prevent injury and wrong.” Id. at 384, 58 S.Ct. 275.
If we simply applied the principles articulated by the Nardone Court, the term “person” in § 876(b) certainly would include a sovereign entity, like the University of Virginia. For including the University within the term “person” for purposes of § 876(b) neither deprives the University of a “recognized or established prerogative[,] titlef,] or interest,” nor produces an absurd result. Id. at 383-84, 58 S.Ct. 275. Further, this reading accords with Nar-done’s “well recognized principle,” as a statute criminalizing extortion surely is “intended to prevent injury and wrong.” Id. at 384, 58 S.Ct. 275.
III.
Therefore, as I see it, determining whether the University is a “person” for purposes of § 876(b) hinges upon whether we look to the current Dictionary Act or Nardone. Although the question is not free from doubt, I believe that we should look to the latter. This approach accords with the Supreme Court’s general interpretive assumption that Congress formulates new legislation with awareness of prior interpretations of the terms used in that legislation. See, e.g., Barnhart v. Peabody Coal Co., 537 U.S. 149, 160-61, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003); see also 2A Norman J. Singer, Sutherland Statutes and Statutory Construction § 47:30 (rev. 7th ed.2007).
No Supreme Court case, however, directly addresses the question we face, and the closest precedent, Will, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45, is not terribly helpful. In Will, the Court considered whether a state and its officials *467 were “persons” for purposes of 42 U.S.C. § 1983. The Will Court noted the presumption that “person” excludes the sovereign, id. at 64, 109 S.Ct. 2304, but also looked to the understanding of the word “person” at the time Congress enacted § 1983 in 1871, id. at 69-70 & n. 9, 109 S.Ct. 2304, along with other tools of statutory interpretation, id at 67-69, 109 S.Ct. 2304. In Will, the presumption and contemporaneous understanding of the term “person” at the time Congress enacted § 1983 did not produce conflicting results; neither indicated that “person” included the sovereign. For this reason, Will provides no guidance as to whether the presumption or the then — current understanding of the word is the proper interpretive tool when the two do conflict. Cf. Ngiraingas v. Sanchez, 495 U.S. 182, 192, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990) (concluding that the presumption, language, purpose, and contemporary understanding all support the same result under § 1983).
The Supreme Court, however, has long and consistently recognized that determining whether a sovereign is a “person” “depends not ‘upon a bare analysis of the word person’ ... but on the ‘legislative environment’ in which the word appears,’ ” Inyo, 538 U.S. at 711, 123 S.Ct. 1887 (citing Pfizer, Inc. v. Gov’t of India, 434 U.S. 308, 317, 98 S.Ct. 584, 54 L.Ed.2d 563 (1978) and Georgia v. Evans, 316 U.S. 159, 161, 62 S.Ct. 972, 86 L.Ed. 1346 (1942)); see also Cooper, 312 U.S. at 605 & n. 6, 61 S.Ct. 742. To determine whether the term “person” includes the sovereign in a given context, the Court examines “all ... available aids to construction,” including legislative purpose, subject matter, context, history, executive interpretation, and “the policy intended to be served by the enactment.” Pfizer, 434 U.S. at 313, 316, 98 S.Ct. 584 (quoting Cooper, 312 U.S. at 605, 61 S.Ct. 742); see also Ngiraingas, 495 U.S. at 192, 110 S.Ct. 1737 (applying all of these aids to construction); Will, 491 U.S. at 64-70, 109 S.Ct. 2304 (same).
We have few of these tools to guide us in determining whether “person” in § 876(b) includes a sovereign entity, such as the University of Virginia — the statute’s legislative history provides no help and its purpose also does not dictate a result. But it seems to me that the “legislative environment,” Inyo, 538 U.S. at 711, 123 S.Ct. 1887, must include the “well recognized principle” articulated in Nardone and existing at the time Congress enacted § 876(b), that the term “person” in a statute “intended to prevent injury and wrong” embraced the sovereign. See You-suf v. Samantar, 451 F.3d 248, 253-55 (D.C.Cir.2006) (applying the principle articulated in Nardone to Federal Rule of Procedure 45, which was adopted prior to the 1947 Dictionary Act). Moreover in § 876(b), Congress sought “to penalize every extortion demand by mail which is coupled with an express threat,” United States v. Prochaska, 222 F.2d 1, 2 (7th Cir.1955), and punishing threats against a sovereign entity unquestionably furthers this policy.
Accordingly, because both the contemporary understanding of the relevant principle of statutory construction and “the policy intended to be served by the” statute, Pfizer, 434 U.S. at 316, 98 S.Ct. 584, support the conclusion that “person” in § 876(b) includes a sovereign entity like the University of Virginia, I agree with the majority that it does.

 It might seem odd to turn to the judicial understanding of the term "person,” rather than the then-current version of the Dictionary Act, which also defined the term. At the time that § 876 was enacted, the 1871 Dictionary Act was in force, see Act of Feb. 25, 1871, 41 cong. ch. 71, § 2, 16 Stat. 431, but the Supreme Court has instructed that the 1871 Act’s definition of "person” fails to evidence a clear intent as to whether the sovereign is a person, see Will, 491 U.S. at 64, 69, 109 S.Ct. 2304. Moreover, Nardone does not cite the 1871 Act when discussing the "canon” or "well recognized principle ... that the sovereign is embraced by general words of a statute intended to prevent injury and wrong.” 302 U.S. at 384, 58 S.Ct. 275. Nor does United States v. Cooper Coip., in which the Court expressly relied on Nardone for the proposition that "in common usage, the term 'person' does not include the sovereign.” 312 U.S. 600, 604-05 & n. 6, 61 S.Ct. 742, 85 L.Ed. 1071 (1941). Thus, Nardone, rather than the 1871 Dictionary Act, provides the best evidence of whether "person” was understood to include a sovereign entity when Congress enacted § 876(b).