**MARYLAND PEST CONTROL ASSOCIATION; Maryland Alliance for the Responsible Regulation of Pesticides, Plaintiffs–Appellants,**

v.

**MONTGOMERY COUNTY, MARYLAND; Charles W. Gilchrist; Parris N. Glendening; Prince George's County, Maryland, Defendants–Appellees.**

No. 88–1005.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1989.

Decided Sept. 8, 1989.

Steven Paul Resnick (Bruce C. Bereano, Bereano & Resnick, P.A. on brief), for plaintiffs-appellants.

Alan Marvin Wright (Clyde H. Sorrell, Michael P. Whalen, Michael O. Connaughton, Steven M. Gilbert, on brief) for defendants-appellees.

Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.

PER CURIAM:

Maryland Pest Control Association and Maryland Association for the Responsible Regulation of Pesticides appeal a district court decision holding that they are not entitled to attorney's fees pursuant to 42 U.S.C. § 1988 in conjunction with their suit, brought pursuant to the Supremacy Clause and 42 U.S.C. § 1983, charging local subdivisions of the State of Maryland with violations of Section 136v(a) of the Federal Insecticide, Fungicide and Rodenticide Act. For the reasons discussed below, we affirm the judgment of the district court.

I.

In May 1986, Maryland Pest Control Association and Maryland Association for the Responsible Regulation of Pesticides (the "Associations") brought suit in the United States District Court for the District of Maryland against the defendants Montgomery County and Prince George's County (the "Counties"), which are local subdivisions of the State of Maryland. The Associations claimed that the Counties' pesticide ordinances violated the Supremacy Clause of the United States Constitution[1] and deprived the Associations of rights protected by 42 U.S.C. § 1983.[2] Specifically, the Associations alleged that the Counties' ordinances conflicted with Section 136v(a) of the Federal Insecticide, Fungicide and Rodenticide Act, ("FIFRA") 7 U.S.C. § 136 *et seq.*, which proscribed local government regulation of the sale or use of federally registered pesticides.

In September 1986, the district court granted judgment in favor of the Associations, holding that the Counties' ordinances were invalid under FIFRA.[3] This court affirmed.[4]

Accordingly, the Associations filed a motion for an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.[5] The district court ruled that the Associa-

---

1. Article VI, cl. 2 of the United States Constitution provides:

    This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

2. Section 1983 provides in pertinent part:

    Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any ... person within the jurisdic-

    tion thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. *Maryland Pest Control Association v. Montgomery County, Maryland,* 646 F.Supp. 109 (D.Md.1986).

4. 822 F.2d 55 (4th Cir.1987).

5. Section 1988 allows the prevailing party a reasonable attorney's fee as part of the costs "[i]n any action or proceeding to enforce a provision of Section[ ] ... 1983."

tions were not entitled to attorney's fees pursuant to Section 1988 because the Supremacy Clause did not "secure rights" under Section 1983, and that the Associations' claim of a statutory violation of FIFRA Section 136v was not actionable under Section 1983. The Associations appealed, arguing (1) that the Supremacy Clause and FIFRA are actionable under Section 1983; (2) that their successful action entitled them to attorneys fees under Section 1988; (3) that FIFRA confers an "enforceable right" that entitles the Associations to attorneys fees; and (4) that Congress did not intend to foreclose private enforcement of FIFRA through Section 1983. Finding the Supremacy Clause issue dispositive of this case, we leave the appellants' remaining arguments for another day.

## II.

Stated simply, the question in this case is whether the Associations' successful argument, grounded in the Supremacy Clause, that FIFRA pre-empted local laws will support a civil rights action under Section 1983 which would entitle them to attorney's fees under Section 1988. Because we hold that the Supremacy Clause does not of itself create "rights, privileges, or immunities" within the meaning of Section 1983, we affirm the district court's denial of the Associations' motion for attorney's fees.

## III.

■ In their complaint, the Associations claimed that the Counties' ordinances violated the Supremacy Clause and deprived the Associations' members of federal statutory rights protected by Section 1983. The district court held that the case presented a simple Supremacy Clause issue: local ordinances conflicted with extant federal law. Relying on *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), where the Supreme Court held that the Supremacy Clause did not "secure rights" for the purposes of 28 U.S.C. § 1343(a)(3), the district court held that the Supremacy Clause did not "secure rights" within the meaning of Section 1983.

The threshold question, then, is whether the Counties deprived the Associations of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States within the meaning of Section 1983, which would entitle it to attorney's fees under Section 1988. We begin our analysis by noting that the Supremacy Clause is, in effect, a limit on a state's power to interfere with matters of national concern. The Supremacy Clause is grounded in the allocation of power between federal and state governments and is not a source of, nor does it protect, the individual rights which the Associations assert. For example, in *Chapman v. Houston Welfare Right: Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), the Supreme Court held that the Supremacy Clause was not a substantive constitutional provision that created rights within the meaning of 28 U.S.C. § 1343(3).[6] 441 U.S. at 612–615, 99 S.Ct. at 1913–1915. The Court explained that "even though that Clause is not a source of any federal rights, it does 'secure' federal rights by according them priority whenever they come in conflict with state law." 441 U.S. at 613, 99 S.Ct. at 1913 (footnote omitted). The Court, however, added in explication: "an allegation of incompatibility between federal and state statutes and regulations does not, in itself, give rise to a claim 'secured by the Constitution' within the meaning of § 1343(3)." *Id.* at 615, 99 S.Ct. at 1915. In sum, the Supremacy Clause establishes the supremacy of federal over state law and is not of itself a source of substantive constitutional rights.

We note that several circuits have held that the Supremacy Clause is not a source of substantive individual rights that could support an action brought pursuant to Section 1983. For example, the Ninth Circuit, relying on *Chapman*, noted that "the Supremacy Clause, standing alone, 'secures' federal rights only in the sense that it establishes federal-state priorities; it does not create individual rights, nor does it

---

**6.** Jurisdiction in the present case was based upon 28 U.S.C. §§ 1361, 2201, and 2202.

'secure' such rights within the meaning of § 1983." *White Mountain Apache Tribe v. Williams*, 810 F.2d 844, 848 (9th Cir.) (amended opinion), *cert. denied*, 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987). As the Ninth Circuit explained, "preemption of state law under the Supremacy Clause—at least if based on federal occupation of the field or conflict with federal goals—will not support an action under § 1983, and will not, therefore, support a claim of attorney's fees under § 1988." 810 F.2d at 850. *See also Segundo v. City of Rancho Mirage*, 813 F.2d 1387, 1394 (9th Cir.1987) (Supremacy Clause held to not support an action under Section 1983 and therefore would not support a claim for attorney's fees under Section 1988).

Similarly, in *J. & J. Anderson, Inc. v. Town of Erie*, 767 F.2d 1469 (10th Cir. 1985), the Tenth Circuit observed that the Commerce Clause and the Supremacy Clause "do not secure rights cognizable under § 1983." 767 F.2d at 1476. Consequently, Section 1983 "does not provide a remedy for claims resulting from violations of the Commerce Clause or the Supremacy Clause. It follows that an attorney's fee claim under § 1988, based on a § 1983 action involving an alleged violation of the Commerce Clause and the Supremacy Clause of the Constitution of the United States, can have no merit." *Id.* at 1476–77. Likewise, in *Gould, Inc. v. Wisconsin Department of Industry, Labor & Human Relations*, 750 F.2d 608 (7th Cir.1984), *aff'd on other grounds*, 475 U.S. 282, 106 S.Ct. 1057, 89 L.Ed.2d 223 (1986), the Seventh Circuit held that a corporation that successfully alleged that the National Labor Relations Act preempted state statutes, in violation of the Supremacy Clause, did not have a claim cognizable under Section 1983, and thus could not assert a claim for attorney's fees under Section 1988. 750 F.2d at 616 & n. 16.[7]

We hold that federal preemption of local ordinances pursuant to the Supremacy Clause is not actionable under Section 1983. Therefore, there can be no award of attorney's fees under Section 1988.

 The appellant also contends that its action is maintainable under Section 1983 as a suit to enforce statutory rights under FIFRA. Such charge, though, fails because the right claimed here is not one that FIFRA secures. Specifically, the right claimed is one not to be regulated in this matter by a municipality. FIFRA secures no such right simply because it declares that states, to the exclusion of subdivisions of the states, may regulate.

The judgment of the district court is AFFIRMED.

---

**7.** Both *J. & J. Anderson* and *Gould* relied on *Consolidated Freightways Corp. v. Kassel,* 730 F.2d 1139 (8th Cir.), *cert. denied,* 469 U.S. 834, 105 S.Ct. 126, 83 L.Ed.2d 68 (1984), where the Eighth Circuit, in a Commerce Clause case, noted that both the Commerce Clause and the Su-

premacy Clause are analogous in that they limit the power of a state to interfere with areas of national concern. Neither clause, however, secures rights within the meaning of Section 1983. *Id.* 730 F.2d at 1144.