Case vacated and remanded by Supreme
Court order filed 10/15/02.

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

---

NATIONAL HOME EQUITY MORTGAGE
ASSOCIATION,
    *Plaintiff-Appellee,*

    v.

E. JOSEPH FACE, JR., Commissioner
of Financial Institutions, Bureau of
Financial Institutions, Virginia State
Corporation Commission; SUSAN E.        No. 01-1631
HANCOCK, Deputy Commissioner,
Consumer Finance, Bureau of
Financial Institutions, Virginia State
Corporation Commission,
    *Defendants-Appellants,*

    and

MARK L. EARLEY,
*Movant.*

---

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-99-398-3)

Argued: January 25, 2002

Decided: March 8, 2002

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

___

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Luttig and Judge King joined.

**ARGUED:** William Henry Hurd, Solicitor General, Richmond, Virginia, for Appellants. Earle Duncan Getchell, Jr., MCGUIRE WOODS, L.L.P., Richmond, Virginia, for Appellee. **ON BRIEF:** Randolph A. Beales, Attorney General of Virginia, Judith Williams Jagdmann, Deputy Attorney General, Gregory E. Lucyk, Senior Assistant Attorney General, A. Ann Berkebile, Assistant Attorney General, Richmond, Virginia, for Appellants. Robert L. Hodges, William H. Baxter, II, MCGUIRE WOODS, L.L.P., Richmond, Virginia, for Appellee.

---

___

## OPINION

NIEMEYER, Circuit Judge:

On the petition of the National Home Equity Mortgage Association ("NHEMA") for attorneys fees, costs, and expenses under 42 U.S.C. § 1988, the district court awarded NHEMA $79,750. On appeal, officials of the Commonwealth of Virginia contend that the award is barred by principles of sovereign immunity and is improper because NHEMA did not prevail on a claim based on a right secured by federal law so as to be enforceable under 42 U.S.C. § 1983. Alternatively, they argue that special circumstances make an award of attorneys fees in this case unjust. For the reasons that follow, we reject these arguments and affirm.

I

NHEMA commenced this action in June 1999 to obtain declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, against Virginia officials ("Virginia") who were, under color of State law, allegedly depriving NHEMA members of their federal rights under the Alternative Mortgage Transaction Parity Act of 1982, 12 U.S.C. § 3801 *et seq.* (the "Parity Act"). In its complaint, NHEMA alleged that each of its members has, pursuant to the Parity Act, "federal rights to charge prepayment penalties for every alternative mortgage transaction made, purchased, or enforced in the Commonwealth of Virginia

without regard to state law" and that Virginia officials were "currently directing and authorizing the Bureau [of Financial Institutions] to enforce or threaten to enforce all of these punitive measures [under Virginia law] against NHEMA members who are lawfully invoking their federal rights to charge prepayment penalties under the Parity Act." It also alleged that "[t]he Parity Act creates immediately enforceable rights under 42 U.S.C. § 1983 and Congress has not foreclosed the enforcement of these rights through a civil action filed under 42 U.S.C. § 1983." Finally, NHEMA alleged that, under the Supremacy Clause, the Parity Act preempted Virginia law prohibiting prepayment penalties. NHEMA requested a declaratory judgment that the Virginia officials' actions were "depriving NHEMA members of their federal rights under color of state law," an appropriate injunction, and attorneys fees pursuant to 42 U.S.C. § 1988.

In its responses to NHEMA's complaint, Virginia took the position that NHEMA members did not have a cause of action under the Parity Act and that, in any event, the Parity Act did not preempt State regulations that prohibited prepayment penalties. In a memorandum in support of summary judgment, Virginia stated with respect to NHEMA's rights under the Parity Act, "The issue is thus whether the Parity Act implicitly created a private right of enforcement under § 1983 to bar States from regulating prepayment penalties. . . . Nothing in the statute purports to create a federal right not to be regulated by States in the area of prepayment penalties." On the preemption issue, the State took the position that "[n]othing in the Parity Act, either expressly or in its structure and purpose, indicates that Congress intended to preempt state prepayment penalty laws."

On cross-motions for summary judgment, the district court granted summary judgment to NHEMA and permanently enjoined Virginia from enforcing its punitive measures, based on State law, against NHEMA members who were charging prepayment penalties as allowed under the Parity Act. In its memorandum opinion, the district court, applying the standard set forth in *Wilder v. Virginia Hospital Association*, 496 U.S. 498, 509 (1990), concluded that Congress had not foreclosed private enforcement of the rights created by the Parity Act and, therefore, "[t]he plaintiff has a federally enforceable right under 42 U.S.C. § 1983." The court also held that "state regulation of prepayment penalties [is] preempted by the Parity Act" and, therefore,

3

"sections 6.1-330.83 and 6.1-330.85 of the Code of Virginia [are] pre-empted by the Parity Act."

In its initial appeal to this court, Virginia did not challenge the district court's conclusion that the Parity Act created federally enforceable rights. It raised only one issue, "Whether the district court erred in ruling that the [Parity Act] and the 1996 actions of the Office of Thrift Supervision preempt §§ 6.1-330.83 and 6.1-330.85 of the Code of Virginia . . . which prescribes limits on prepayment penalties." Addressing only that issue, a unanimous panel of this court rejected the appeal and affirmed the district court's judgment. *Nat'l Home Equity Mortgage Ass'n v. Face*, 239 F.3d 633 (4th Cir. 2001).

After prevailing on its appeal, NHEMA filed a motion for attorneys fees, costs and expenses under 42 U.S.C. § 1988. While Virginia stipulated that $79,750 would be an appropriate amount for an award of attorneys fees, costs and expenses in this case, it opposed any award based on its constitutional sovereign immunity arguments and on its argument that the district court's preemption ruling did not involve a claim under 42 U.S.C. § 1983 because the Supremacy Clause was not a source of substantive rights enforceable under § 1983. By order dated April 5, 2001, the district court rejected Virginia's defenses and, pursuant to 42 U.S.C. § 1988, awarded NHEMA $79,750 in attorneys fees, costs and expenses. The court reasoned that its earlier ruling that NHEMA had federally enforceable rights under the Parity Act went unchallenged on appeal and concluded that NHEMA prevailed on the assertion of those rights. The court observed that when Virginia elected not to appeal its ruling on NHEMA's rights under the Parity Act, that ruling "became the law of the case and [became] binding on these proceedings." From the district court's order awarding NHEMA attorneys fees, costs, and expenses, Virginia filed this appeal.

II

Virginia contends first that sovereign immunity precludes an award of attorneys fees against State officers when no violation of the Fourteenth Amendment has been alleged. It argues that, in light of recent Supreme Court jurisprudence, such as *Seminole Tribe v. Florida*, 517

4

U.S. 44 (1996), the authority of district courts to award attorneys fees against State actors should be reexamined.

But as Virginia recognizes, this argument is squarely at odds with Supreme Court cases allowing awards of attorneys fees against State actors. *See Hutto v. Finney*, 437 U.S. 678, 695 (1978) (holding that because attorneys fees have traditionally been regarded as costs, which have long been awardable against a State, they may be awarded against a State "without regard for the states' Eleventh Amendment immunity"); *Missouri v. Jenkins*, 491 U.S. 274, 279-80 (1989) (reaffirming the holding in *Hutto* and clarifying that an application of § 1988 to the States does not require congressional abrogation of sovereign immunity). Because we lack authority to reconsider the Supreme Court's jurisprudence, we reject Virginia's argument. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We reaffirm that `[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions'" (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)).

### III

Virginia next contends that sovereign immunity bars an award of attorneys fees against State officers because the standard used in determining whether to award attorneys fees in a particular case favors private plaintiffs and, therefore, discriminates against the States. Virginia contends that "[c]oncepts of federalism demand that a prevailing plaintiff, such as NHEMA, must be placed on the same footing which the Supreme Court has established for prevailing State defendants. Thus, attorney's fees should not be awarded absent a showing that a party's position was frivolous, unreasonable, and without foundation."

Again, this argument is at odds with existing Supreme Court precedent. Under current law, a court may award attorneys fees to prevailing *plaintiffs* as a matter of course, but to prevailing *defendants* only if "the plaintiff's action was frivolous, unreasonable, or without foundation." *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (citation and

5

internal quotation marks omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (stating that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust" (citation and internal quotation marks omitted)). The Supreme Court has established this differential standard, and, again, we lack the authority to change it.

IV

For its principal argument on appeal, Virginia contends that NHEMA was not a prevailing party on a claim brought pursuant to 42 U.S.C. § 1983 and, therefore, is precluded from recovering attorneys fees under 42 U.S.C. § 1988. It argues that, because our first opinion in this case focused exclusively on preemption and the Supremacy Clause, NHEMA did not prevail under § 1983 because the Supremacy Clause is not a source of substantive individual rights supporting a § 1983 action. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989) (noting that the Supremacy Clause is not "a source of any federal rights" and, therefore, "of its own force, does not create rights enforceable under § 1983" (citation and internal quotation marks omitted)); *Maryland Pest Control Ass'n v. Montgomery County, Maryland*, 884 F.2d 160, 163 (4th Cir. 1989) (per curiam) ("We hold that federal preemption of local ordinances pursuant to the Supremacy Clause is not actionable under Section 1983. Therefore, there can be no award of attorney's fees under Section 1988").

This argument, however, overlooks the nature of NHEMA's complaint, the issues decided by the district court, and the limited review that we conducted in our earlier opinion. NHEMA brought its action under 42 U.S.C. § 1983 explicitly to vindicate rights it asserted were conferred on its members by the Parity Act, a federal statute. It alleged in its complaint that it had rights conferred by the Parity Act and that it was seeking to vindicate those rights in the face of conflicting State law. While NHEMA did assert that the rights created by the Parity Act trumped State law under the Supremacy Clause, its requested relief was to enforce its federal rights under the Parity Act despite conflicting State law. Thus, NHEMA sought to secure a federal right under § 1983.

When the parties filed cross-motions for summary judgment, they explicitly addressed whether the Parity Act conferred enforceable

6

rights on NHEMA and its members. Virginia argued vigorously that no such rights were created, but NHEMA prevailed on that issue when the district court concluded, "the plaintiff has a federally enforceable right under 42 U.S.C. § 1983," applying the three part test in *Wilder v. Virginia Hospital Association*, 496 U.S. 498, 509 (1990). The district court reasoned that the test in *Wilder* was satisfied because "(1) nonfederally chartered housing creditors belonging to NHEMA are intended beneficiaries of the Parity Act, (2) the Parity Act creates a present right to be free of state law, and (3) the judicial remedies being sought are traditional and well established." In addition to concluding that the Parity Act provided NHEMA and its members with rights enforceable under 42 U.S.C. § 1983, the court concluded that the provisions of the Parity Act creating those federal rights preempted Virginia's conflicting statutes — §§ 6.1-330.83 and 6.1-330.85 of the Virginia Code.

In appealing the district court's judgment, Virginia elected not to challenge the district court's conclusion that the Parity Act conferred a cause of action on NHEMA and its members. Rather, it limited its challenge to whether Virginia law was in conflict with the Parity Act. When we disposed of that issue in favor of NHEMA and its members, NHEMA became a prevailing party on its claims brought under the Parity Act and 42 U.S.C. § 1983.

While Virginia suggests by implication that perhaps we should now review the question of whether the Parity Act conferred rights on NHEMA, "[i]t is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (citations and internal quotation marks omitted). Accepting as the law of the case the conclusions that NHEMA has a federally enforceable right under the Parity Act — a conclusion that we do not review — and that NHEMA sought to enforce that right, we find that this case does not fall within the rule announced in *Golden State Transit* and *Maryland Pest Control*. In *Golden State Transit*, the Supreme Court ultimately concluded that the National Labor Relations Act created a right to prevent State governmental interference with federally protected labor rights and that therefore 42 U.S.C. § 1983 could be employed to enforce that right. 493 U.S. at 108-09.

In *Maryland Pest Control*, we concluded that the plaintiff did not have a substantive right secured by a federal statute, determining instead that the case involved a pure Supremacy Clause issue, and that therefore no 42 U.S.C. § 1983 claim could be asserted. *Maryland Pest Control*, 884 F.2d at 163. In the circumstances before us, however, once the district court found that NHEMA had a federally enforceable right under the Parity Act, it correctly determined that NHEMA prevailed on that right through a § 1983 claim and therefore was justified in relying on § 1988 for its award of attorneys fees, costs, and expenses.

V

Finally, Virginia argues that special circumstances were presented in this case that would render an award of attorneys fees to NHEMA unjust. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (stating that a prevailing party should "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust" (citation and internal quotation marks omitted)).

Articulating those special circumstances, Virginia asserts first that the nature of NHEMA, a nationwide trade association of mortgage lenders, was a special circumstance weighing against awarding fees because NHEMA can afford to hire its own lawyers. Second, Virginia asserts that the nature of the case, a nonconstitutional case with its own financial incentives for NHEMA, weighed against awarding fees. Third, Virginia asserts that the nature of the defense — that "it would have been *irresponsible* for the Commonwealth to have abandoned these [Virginia] statutes enacted through the democratic process — without testing their validity through a vigorous defense in the courts" — weighed against awarding fees in this case.

Because the special circumstances exception is narrow and the special circumstances claimed here are not extraordinary, we conclude that none of them compel a finding that the district court abused its discretion by not applying the exception. *See Doe v. Board of Educ. of Baltimore County*, 165 F.3d 260, 264 (4th Cir. 1998) (recognizing that "this `special circumstances' exception is very `narrowly limited'" and that "[o]nly on rare occasions does a case present such circumstances").

8

For the foregoing reasons, the order of the district court awarding attorneys fees, costs and expenses to NHEMA in the amount of $79,750 is

*AFFIRMED*.

9