PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NATIONAL HOME EQUITY MORTGAGE
ASSOCIATION,
                         *Plaintiff-Appellee,*

v.

E. JOSEPH FACE, JR., Commissioner
of Financial Institutions, Bureau of
Financial Institutions, Virginia State
Corporation Commission; SUSAN E.
HANCOCK, Deputy Commissioner,
Consumer Finance, Bureau of
Financial Institutions, Virginia State
Corporation Commission,
                         *Defendants-Appellants,*

MARK L. EARLEY,
                         *Movant.*

No. 01-1631

On Remand from the United States Supreme Court.
(S. Ct. No. 01-1827)

Decided on Remand: March 10, 2003

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed by published per curiam opinion.

## COUNSEL

Jerry W. Kilgore, Attorney General of Virginia, William H. Hurd,
State Solicitor, Judith Williams Jagdmann, Deputy Attorney General,

Maureen Riley Matsen, Deputy State Solicitor, William E. Thro, Deputy State Solicitor, Gregory E. Lucyk, Senior Assistant Attorney General, A. Ann Berkebile, Assistant Attorney General, Christy A. McCormick, Assistant Attorney General, Richmond, Virginia, for Appellants. E. Duncan Getchell, Jr., Robert L. Hodges, William H. Baxter, II, MCGUIRE WOODS, L.L.P., Richmond, Virginia, for Appellee.

---

## OPINION

PER CURIAM:

This case is on remand from the United States Supreme Court for "further consideration in light of *Gonzaga University v. Doe*, 536 U.S. [273], 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)." *Face v. Nat'l Home Equity Mortgage Ass'n*, 123 S. Ct. 69 (2002). After careful reconsideration and for the reasons that follow, we respectfully adhere to our decision in *National Home Equity Mortgage Association v. Face*, 283 F.3d 220 (4th Cir. 2002), which we now readopt.

In *National Home Equity Mortgage Association*, we affirmed the district court's award to the National Home Equity Mortgage Association ("NHEMA") of $79,750 for attorneys fees, costs, and expenses as the prevailing party under 42 U.S.C. § 1988. We rejected Virginia's arguments (1) that sovereign immunity precludes an award of attorneys fees when no violation of the Fourteenth Amendment has been alleged; (2) that sovereign immunity bars an award of attorneys fees against State officers because the standard for awarding attorneys fees favors private plaintiffs and discriminates against States; (3) that NHEMA was not a prevailing party on a claim brought under 42 U.S.C. § 1983 because the Supremacy Clause is not a source of substantive individual rights and we never concluded that NHEMA had a private right of action under the Alternative Mortgage Transaction Parity Act of 1982, 12 U.S.C. § 3801 *et seq.* (the "Parity Act"); and (4) that special circumstances were presented in this case that would render the award unjust. Only the third reason colorably implicates the Supreme Court's holding in *Gonzaga*.

In *Gonzaga*, the Supreme Court considered whether the Family Educational Rights and Privacy Act of 1974 created a personal right that plaintiffs could enforce under 42 U.S.C. § 1983. Concluding that that Act conferred no specific individual right enforceable under § 1983, the Court observed that the Family Educational Rights and Privacy Act did not have the "rights-creating" language that is "critical to showing the requisite congressional intent to create new rights" and therefore the individual plaintiffs had no rights to enforce under § 1983. 122 S. Ct. at 2277.

Although Virginia did, in the district court, contend that the Parity Act did not confer a right enforceable under 42 U.S.C. § 1983, the district court, applying the jurisprudence of implied rights of action, *see Gonzaga*, 122 S. Ct. at 2275-77, rejected the argument and concluded that the Parity Act did create an enforceable right. We, however, never had an opportunity to review that ruling. As we pointed out,

> In appealing the district court's judgment, Virginia elected not to challenge the district court's conclusion that the Parity Act conferred a cause of action on NHEMA and its members. Rather, it limited its challenge to whether Virginia law was in conflict with the Parity Act. When we disposed of that issue in favor of NHEMA and its members, NHEMA became a prevailing party on its claims brought under the Parity Act and 42 U.S.C. § 1983.

283 F.3d at 225. Thus, we were, and still are, left with the unappealed holding of the district court that the Parity Act created a right of action and that NHEMA prevailed on its assertion of that right of action. Thus, on the issues before us, the holding of *Gonzaga* is irrelevant.

On reconsideration from the Supreme Court, we therefore respectfully adhere to our earlier decision in *National Home Equity Mortgage Association v. Face*, 283 F.3d 220 (4th Cir. 2002), and for the reasons given in that decision, we affirm the order of the district court awarding NHEMA attorneys fees, costs, and expenses in the amount of $79,750.

*AFFIRMED ON RECONSIDERATION*