PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

VIRGINIA OFFICE FOR PROTECTION AND
ADVOCACY,

*Plaintiff-Appellee,*

v.

DR. JAMES REINHARD, in his official
capacity as Commissioner of the
Virginia Department of Mental
Health, Mental Retardation and
Substance Abuse Services,

*Defendant-Appellant.*

No. 04-1795

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-04-54)

Argued: February 1, 2005

Decided: April 6, 2005

Before WILKINS, Chief Judge, NIEMEYER, Circuit Judge,
and Samuel G. WILSON, United States District Judge
for the Western District of Virginia, sitting by designation.

---

Vacated by published opinion. Chief Judge Wilkins wrote the opinion, in which Judge Niemeyer and Judge Wilson joined. Judge Wilson wrote a separate concurring opinion.

---

## COUNSEL

**ARGUED:** William Eugene Thro, State Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Vir-

ginia, for Appellant. Jonathan Gerald Martinis, VIRGINIA OFFICE FOR PROTECTION AND ADVOCACY, Rights of Virginians with Disabilities, Richmond, Virginia, for Appellee. **ON BRIEF:** Jerry W. Kilgore, Attorney General of Virginia, Maureen Riley Matsen, Deputy State Solicitor General, Ronald N. Regnery, Associate State Solicitor General, Jane D. Hickey, Senior Assistant Attorney General, Allyson K. Tysinger, Assistant Attorney General, Richmond, Virginia, for Appellant.

## OPINION

WILKINS, Chief Judge:

Commissioner James Reinhard (the Commissioner) appeals an award of attorneys' fees in an action brought against him in his official capacity as head of the Virginia Department of Mental Health, Mental Retardation and Substance Abuse Services (the Department), by the Virginia Office for Protection and Advocacy (VOPA), purportedly under 42 U.S.C.A. § 1983 (West 2003). Concluding that VOPA was not entitled to assert a claim under § 1983, we vacate the award.

I.

Concerned about the vulnerability of the mentally ill to abuse and serious injury, Congress enacted the Protection and Advocacy for Mentally Ill Individuals Act of 1986 (the Act). *See* 42 U.S.C.A. §§ 10801-10827 (West 1995 & Supp. 2004). The Act helps states to establish and operate protection and advocacy systems (P&As) to protect the rights of, and advocate for, the mentally ill. VOPA is an independent Virginia state agency that serves as the Commonwealth's P&A. *See* Va. Code Ann. § 51.5-39.2 (LexisNexis Supp. 2004).

This suit arises out of VOPA's investigation—based on complaints of neglect—into the Department's establishment and implementation of discharge plans for persons with mental illness whom the Department deemed "ready for discharge" from its institutions. In order to identify which individuals had been deemed "ready for discharge," VOPA requested that the Commissioner provide it with the names

and contact information of all such individuals. When the Commissioner refused, VOPA brought suit against him in his official capacity, alleging that it was entitled to a listing of the names and contact information of Department clients who had not been discharged within 30 days of being deemed ready for discharge by their treatment teams. *See* 42 U.S.C.A. § 10805(a)(1)(A) (providing that P&As are authorized to investigate possible abuse and neglect when such conduct is reported or there is probable cause to believe it occurred). VOPA sought an injunction under 42 U.S.C.A. § 1983—or alternatively, under the Act—requiring the Commissioner's compliance as well as a declaration that the Commissioner had violated the Act.[1] VOPA also requested an award of attorneys' fees and costs under 42 U.S.C.A. § 1988(b) (West 2003) (authorizing a district court to award attorneys' fees to the prevailing party in a § 1983 action).

Following a hearing, the district court entered a preliminary injunction ordering the Commissioner to disclose the information sought. Thereafter, the parties reached a settlement, and upon their joint motion, the district court entered an order (the Merits Order) directing the Commissioner to provide the information that VOPA had requested through January 31, 2006. In the Merits Order, the district court recognized that the parties had "agreed to settle a majority of the issues in dispute between them" and that the only claims remaining were VOPA's "claims that it is a prevailing party under 42 U.S.C. § 1983, and that it is entitled to attorney's fees under 42 U.S.C. § 1988, and the amount of any such fee award, all of which claims are disputed by the [Commissioner]." J.A. 84-85.

VOPA subsequently moved for an award of attorneys' fees and costs under § 1988. The Commissioner opposed the motion, arguing, *inter alia*, that VOPA was not a prevailing party under § 1983—and thus not entitled to fees under § 1988—because VOPA, as a state agency, could not be a plaintiff in a § 1983 suit. The Commissioner argued that, notwithstanding VOPA's allegations in its complaint, its relief had actually been obtained under *Ex Parte Young*, 209 U.S. 123 (1908), which authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law." *Lytle v. Grif-*

---

[1]VOPA also sought a declaration that the Commissioner had violated the First Amendment, but that claim was subsequently dismissed.

*fith*, 240 F.3d 404, 408 (4th Cir. 2001). The district court rejected the Commissioner's argument, concluding that VOPA "has the legal authority and capacity to bring a 42 U.S.C. § 1983 action." J.A. 143. The court therefore granted VOPA's motion and directed the parties to attempt to reach agreement regarding the amount of fees and costs to be awarded. The parties agreed on the figure of $16,195.00, and the district court entered judgment for VOPA in that amount.

## II.

On appeal, the Commissioner contends that the district court erred in awarding fees to VOPA under § 1988 because, as a state agency, VOPA was not entitled to assert a claim under § 1983. We agree.[2]

## A.

Even when a plaintiff purports to assert rights under § 1983 and obtains the relief sought in the complaint, a defendant generally may prevent an award of fees by showing that the plaintiff was not entitled to assert a claim under § 1983. *See Md. Pest Control Ass'n v. Montgomery County*, 884 F.2d 160, 161-63 (4th Cir. 1989) (per curiam). VOPA contends, however, that when it moved for attorneys' fees the district court had already determined, in the Merits Order, that the relief VOPA obtained was under § 1983. VOPA maintains that because the Commissioner had not appealed that ruling, it was already the law of the case. *See Nat'l Home Equity Mort. Ass'n v. Face*, 322 F.3d 802, 804 (4th Cir. 2003) (holding that the proposition that the action was properly brought under § 1983 was the law of the case and could not be challenged in the context of a subsequent fee award motion because the plaintiff obtained relief after purporting to sue under § 1983, the district court determined the action was properly brought under § 1983, and the defendant unsuccessfully appealed without challenging that determination).

We do not read the Merits Order as deciding that VOPA was entitled to relief under § 1983, however. The only mention of § 1983 in the Merits Order is the statement that "[t]he only claims remaining

---

[2]Because we vacate the fee award on this basis, we do not address the Commissioner's remaining challenges to the award.

before this Court are [VOPA's] claims that it is a prevailing party under 42 U.S.C. § 1983, and that it is entitled to attorney's fees under 42 U.S.C. § 1988, and the amount of any such fee award, all of which claims are disputed by the [Commissioner]." J.A. 85. We conclude that in the absence of any clarifying language, the statement that the Merits Order left open whether VOPA was "a prevailing party under . . . § 1983" also left open the antecedent issue of whether VOPA had obtained relief "under § 1983."

B.

With the law of the case doctrine inapplicable here, the Commissioner maintains that the district court erred in deciding that VOPA could bring suit under § 1983. Section 1983 allows "citizen[s]" and "other *person[s]* within the jurisdiction" of the United States to seek legal and equitable relief from "person[s]" who, under color of state law, deprive them of federally protected rights. 42 U.S.C.A. § 1983 (emphasis added). The Commissioner contends that because VOPA is a state agency, it is not a "person" within the meaning of the statute. We agree.

The word "person" in a federal statute generally includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C.A. § 1 (West 2005). At the same time, the Supreme Court has held that "person" should generally not be construed to include the sovereign. *See Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 667 (1979). Though it is not a "hard and fast rule of exclusion," *United States v. Cooper Corp.*, 312 U.S. 600, 604-05 (1941), the presumption that "person" does not include the sovereign may be overcome only by an "affirmative showing of statutory intent to the contrary," *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 781 (2000). Whether a sovereign entity qualifies as a "person" also depends upon the "legislative environment" in which the word appears. *Georgia v. Evans*, 316 U.S. 159, 161 (1942) (holding that a state, as purchaser of asphalt shipped in interstate commerce, qualified as a "person" entitled to seek redress under the Sherman Act for restraint of trade); *see Pfizer Inc. v. Gov't of India*, 434 U.S. 308, 320 (1978) (holding that a foreign nation, as purchaser of antibiotics, ranked as a "person"

qualified to sue pharmaceuticals manufacturers under federal antitrust laws).

Two Supreme Court decisions are particularly relevant to the question before us. The first is *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), wherein the Court held that a state is not a "person" for purposes of determining who can be sued under § 1983. *See Will*, 491 U.S. at 71. The *Will* Court reasoned that "in enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law," including "[t]he doctrine of sovereign immunity." *Id.* at 67.

The Supreme Court revisited the issue of whether a sovereign entity is a person under § 1983 in *Inyo County v. Paiute-Shoshone Indians*, 538 U.S. 701 (2003). *Inyo County* concerned a § 1983 suit initiated by a Native American tribe seeking declaratory and injunctive relief establishing its right as a sovereign entity to be free from state criminal processes. *See Inyo County*, 538 U.S. at 704-06. The Court assumed that such a tribe would receive the same treatment as a state regarding whether it was subject to suit under § 1983. *See id.* at 709. The Court then explained that the "pivotal" issue was "whether a tribe qualifies *as a claimant*—a 'person within the jurisdiction' of the United States—under § 1983." *Id.* In considering that question, the Court noted that a sovereign tribe enjoys rights of the type that an individual tribe member or other private person would not. *See id.* at 712. Indeed, the Court recognized that it was those sovereign rights that the tribe was attempting to assert. *See id.* at 711. By contrast, the Court noted that a tribal *member* could assert his Fourth Amendment rights under § 1983 but that "like other private persons, that member would have no right to [sovereign] immunity." *Id.* at 712. The Court concluded that the tribe could not maintain its claim under § 1983. *See id.*

VOPA contends that certain language in *Inyo County* suggests that the result reached there depended upon the sovereign nature of the rights that the tribe happened to be asserting, not simply the fact that the tribe was a sovereign entity. *See, e.g.*, *id.* at 711 ("There is in this case no allegation that the County lacked probable cause or that the warrant was otherwise defective."). Although we agree with VOPA to the extent that the rationale for the *Inyo County* decision is ambigu-

ous, we need not resolve that ambiguity here. Even assuming that the *Inyo County* Court based its decision at least in part on the sovereign nature of the rights asserted in the case before it and thus did not decide that a sovereign could never assert a claim under § 1983, we nevertheless conclude that an arm of the state cannot bring suit under that statute.

VOPA has not presented us with, and we are not aware of, any affirmative evidence of statutory intent to allow suits by sovereigns under § 1983 that would overcome the general presumption that "person" in a statute does not include the sovereign. *See Vt. Agency*, 529 U.S. at 781. Section 1983 was enacted as part of the Civil Rights Act of 1871, the primary objective of which was "to override the corrupting influence of the Ku Klux Klan and its sympathizers on the governments and law enforcement agencies of the Southern States." *Allen v. McCurry*, 449 U.S. 90, 98 (1980). It was enacted most specifically to help enforce the Fourteenth Amendment rights of the persecuted to equal protection under the laws. *See Lynch v. Household Fin. Corp.*, 405 U.S. 538, 544-45 (1972). We have no affirmative indication that Congress sought to protect the rights of sovereign entities as well.

Furthermore, another relevant presumption leads us to the same result. *Will* established that Congress did not intend for "person" in § 1983 to include the sovereign for purposes of determining who may be sued. *See Will*, 491 U.S. at 67. And, a term is presumed to have the same meaning throughout a statute. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994). Indeed, that presumption is "at its most vigorous" when the term in question is repeated in the same sentence, as it is here. *Id.*; *see Illinois v. City of Chicago*, 137 F.3d 474, 477 (7th Cir. 1998) (stating, based on *Will*, that state cannot be a plaintiff in a § 1983 suit); *cf. Rural Water Dist. No. 1 v. City of Wilson*, 243 F.3d 1263, 1274 (10th Cir. 2001) (recognizing that "it would be a strained analysis to hold, as a matter of statutory construction, that a municipal corporation was a 'person' within one clause of section 1983, but not a 'person' within another clause of that same statute" (internal quotation marks omitted)); *S. Macomb Disposal Auth. v. Township of Washington*, 790 F.2d 500, 503 (6th Cir. 1986) (similar). *But cf. United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 213 (2001) ("Although [the Court] generally presume[s] that identical words used in different parts of the same act are intended to have the

same meaning, the presumption is not rigid, and the meaning of the same words well may vary to meet the purposes of the law." (internal quotation marks, citation & alteration omitted)). For both of these reasons, we hold that a state or state agency may not maintain a § 1983 action.[3]

## III.

Because at the time VOPA moved for attorneys' fees the district court had not rejected the contention that VOPA was not a proper plaintiff under § 1983, the Commissioner was entitled to oppose the fee motion on that basis. And, because VOPA was in fact not entitled to employ § 1983, we conclude that the district court erred in awarding fees under § 1988. We therefore vacate the fee award.

*VACATED*

WILSON, District Judge, concurring:

I completely agree with the court's opinion. I write separately, however, to note my view that there is an additional, equally fundamental, basis supporting our result. Stripped of its pretense, this suit is nothing more than an intramural contest over the allocation of state funds. The authority to entertain a lawsuit such as this one, which gives a state's warring factions a federal forum in which to compel the reallocation of state funds, is to place in federal court hands, the power to Balkanize state government. I believe it is implicit in our federal system that federal courts lack that authority.

---

[3]We note that we are not called upon today to decide whether a state agency acting in a representative capacity with regard to an incompetent individual who has sustained an injury actionable under § 1983 could employ § 1983 to enforce that individual's rights.